1  MARC S. SCHECHTER, SBN 116190
   SUSAN L. METER, SBN 236133
2  BUTTERFIELD SCHECHTER◆LLP
   10616 Scripps Summit Court, Suite 200
3  San Diego, California 92131
   (858) 444-2300
4  (858) 444-2345 Fax

5  Attorneys for Plaintiffs

6

7  # ORIGINAL

8  UNITED STATES DISTRICT COURT

9  SOUTHERN DISTRICT OF CALIFORNIA

10  TJRK, INC., a California corporation;
    JOSEPH CHRISTENSON, an individual; and
11  PATRICIA CHRISTENSON, an individual,

12            Plaintiffs,

13      v.

14  SCOTT WAAGE, an individual; THE
    WAAGE LAW FIRM, a California
15  professional corporation; JERRY WAAGE,
    an individual; PROVERBIAL
16  INVESTMENTS, INC., an Iowa corporation;
    ROBERT JENSEN, an individual;
17  INDIANAPOLIS LIFE INSURANCE
    COMPANY, an AMERUS COMPANY, nka
18  AVIVA USA CORPORATION, an Iowa
    corporation; and DOES 1 through 100,
19  inclusive,

20            Defendants.

---

CASE NO.: 08 CV 1140 JM RBB

COMPLAINT FOR:

ERISA CLAIMS
(1) RESCISSION OF TRANSACTIONS
AND RESTITUTION OF AMOUNTS PAID
(ERISA §§ 502 (a)(2) & (3) and 409, federal
common law); (2) BREACH OF
FIDUCIARY AND COFIDUCIARY DUTY,
FRAUD, AND MISREPRESENTATION
UNDER ERISA (29 U.S.C. §§ 1104, 1105(a),
1106(a) 1109(a), 1132(a)(2) & (3) [ERISA §§
404(a), 405(a), 406(a), 409(a), 502(a)(2) &
(3)]); (3) NONFIDUCIARY PARTY IN
INTEREST VIOLATION UNDER ERISA
(29 U.S.C.1132(a)(3) and 1106(a) [ERISA §§
502(a)(3) AND 406(a)])

PENDENT/SUPPLEMENTAL
STATE CLAIMS
(4) PRE-PLAN NEGLIGENT
MISREPRESENTATION; (5) PRE-PLAN
FRAUD AND DECEIT,
MISREPRESENTATION, AND
CONCEALMENT (Cal. Civ. Code §§ 1692,
1709, 1710, 1711, 1712, 1713, 2306, 2316,
2317, 2318, 2330, 2333, 2334, 2338 and
2343); (6) LEGAL MALPRACTICE; (7)
PROFESSIONAL MALPRACTICE; (8)
BREACH OF COMMON LAW
FIDUCIARY DUTY; (9) UNFAIR
PRACTICES OR DECEPTIVE ACTS (Cal.
Ins. Code §§ 790.02 and 790.03)

DEMAND FOR JURY TRIAL

---

BUTTERFIELD
SCHECHTER
◆LLP

28

00140521.WPD

COMPLAINT

Plaintiffs, TJRK, INC., a California corporation ("TJRK"), JOSEPH CHRISTENSON, an individual ("J. CHRISTENSON"), and PATRICIA CHRISTENSON ("P. CHRISTENSON"), by their undersigned counsel, allege as their Complaint against Defendants, SCOTT WAAGE, an individual ("S. WAAGE"); JERRY WAAGE, an individual ("J. WAAGE"); PROVERBIAL INVESTMENTS, INC., an Iowa Corporation ("PROVERBIAL INVESTMENTS"); ROBERT JENSEN, an individual ("JENSEN"); THE WAAGE LAW FIRM, a California Professional Corporation (the "WAAGE FIRM"); INDIANAPOLIS LIFE INSURANCE COMPANY, an AMERUS COMPANY, nka AVIVA USA CORPORATION, an Iowa corporation ("INDIANAPOLIS LIFE"); and DOES 1 through 100, inclusive, as follows:

## PRELIMINARY STATEMENT

1.      This action concerns pre-plan, ERISA-exempt, professional and legal malpractice/negligence by S. WAAGE, JENSEN, and the WAAGE FIRM, breach of common law fiduciary duty, negligent misrepresentation, fraud and concealment, false inducement by defendants in connection with pre-plan promotion and marketing of a proposed structure whereby TJRK would be owned by an irrevocable trust purportedly to avoid the coverage requirements under IRC § 414 and TJRK would sponsor a defined benefit pension plan ("Irrevocable Trust/DBPP Structure"), and pre-plan promotion and marketing of a welfare benefit plan under IRC § 419(e) and the insurance coverage thereunder.

2.      Plaintiffs claim they were fraudulently induced by Defendants S. WAAGE, the WAAGE FIRM, J. WAAGE, and INDIANAPOLIS LIFE with false promises to incorporate and enter into the Irrevocable Trust/DBPP Structure and for TJRK to adopt an alleged Internal Revenue Code ("IRC") § 419(e) welfare benefit plan.    The inducement was obtained through misrepresentation, concealment, and deceit. Further, Plaintiffs claim that Defendants breached their fiduciary duties through nondisclosure of fee arrangements and commissions with regard to the 419(e) Plan.    Defendants S. WAAGE, J. WAAGE, the WAAGE FIRM, PROVERBIAL INVESTMENTS, and INDIANAPOLIS LIFE participated or assisted in breaches of fiduciary duties, including self-dealing and conversion of Plan assets. These undisclosed fees and commissions have

/././

1  yet to be calculated and depend on a variety of factors. Accordingly, Plaintiffs seek damages in an

2  amount to be proven at the time of trial.

3      3.    Plaintiffs also claim that the 419(e) Plan is not a valid plan under the IRC and

4  Employee Retirement Income Security Act of 1974, as amended ("ERISA").

5      4.    Plaintiffs alternatively claim that Defendants were and/or are fiduciaries to the 419(e)

6  Plan and to its participants and beneficiaries. Plaintiffs claim that Defendants breached their

7  fiduciary duties to the 419(e) Plan and its participants and beneficiaries in violation of the common

8  law and ERISA § 409 (29 U.S.C. § 1109) in a variety of ways.

9      5.    Plaintiffs claim that the Defendants are obliged under ERISA and state common law

10  to make good to the 419(e) Plan all loss suffered as a result of Defendants' fiduciary or cofiduciary

11  breaches and prohibited transactions, to account for all funds contributed to the 419(e) Plan or paid

12  to Defendants related to the 419(e) Plan, and for a declaration that the Plaintiffs are entitled to

13  rescind and unwind the transactions related to the various Policies and involvement with any part

14  of the welfare benefit plan structure and to refund, return, and restore to Plaintiffs all costs, expenses,

15  fees, and premiums paid, plus interest or disgorgement of profits thereon. Plaintiffs claim that the

16  various Defendants' pre-plan representations and actions are subject to traditional state law and the

17  full panoply of applicable state remedies.

18      6.    With respect to the ERISA actions, Plaintiffs seek any and all remedies available

19  under ERISA, including all recognized types of "equitable relief" related to ERISA § 409(a),

20  § 502(a), subsection (1)(a) [enforcing 502(c)], subsection (a)(2) for appropriate relief under § 409

21  of Title I, and subsection (a)(3) for injunctive and other appropriate equitable relief. The above relief

22  sought includes, but is not limited to, (1) unwinding the transactions; (2) rescission of prohibited

23  transactions or other transactions violating fiduciary standards of conduct; (3) any and all equitable

24  or remedial relief for breach of fiduciary and cofiduciary duty, fraud and misrepresentation,

25  nonfiduciary party in interest prohibited transaction; (4) divestiture of assets and disgorgement of

26  profits made therefrom; (5) constructive trust on and restitution of monies; and (6) prejudgment

27  interest.

28  /././

BUTTERFIELD
SCHECHTER
♦ LLP

7.    In addition or in the alternative, Plaintiffs seek to hold the Defendants accountable under traditional state law of general application, as it involves traditional areas of state regulation not preempted by section 514(a) of ERISA, for pre-plan fraud and misrepresentation, fraudulent inducement, professional and legal malpractice/negligence, and all damages and remedies available related thereto.

### JURISDICTION AND VENUE

8.    This Court's exclusive jurisdiction is invoked pursuant to 29 U.S.C. § 1132 (e)(1), ERISA § 502(e)(1), as to at least one claim, and under 28 U.S.C. § 1331, as this action involves a federal question with respect to post-plan formation and administration, and additionally pursuant to the Court's supplemental (pendent or ancillary) jurisdiction with respect to related pre-plan and post-plan events and activities in that they are transactionally related to the federal claims and/or are necessary to the Court's ability to render an efficacious judgment or for the control of the pending litigation.

9.    Venue is properly laid within the Southern District of California, pursuant to 29 U.S.C. § 1132(e)(2), ERISA § 502(e)(2), and under the Court's supplemental (pendent) jurisdiction in that the 419(e) Plan is administered in this district, and/or this is the district in which conduct alleged herein took place, and/or where the Defendants may be found.

### PARTIES

10.    Plaintiff TJRK is a California corporation and at all times relevant herein was a services provider corporation. TJRK is the employer sponsor of the TJRK, Inc. 419(e) Plan ("419(e) Plan") and TJRK, Inc. Defined Benefit Pension Plan ("DBPP") and fiduciary to the 419(e) Plan and DBPP as defined under ERISA § 3(21)(A).

11.    Plaintiff J. CHRISTENSON is an individual and a Participant in the 419(e) Plan and DBPP and at all times relevant herein was a resident and citizen of the City of Poway, State of California.

12.    Plaintiff P. CHRISTENSON is an individual and a Participant in the 419(e) Plan and DBPP and at all times relevant herein was a resident and citizen of the City of Poway, State of California.

13.    Upon information and belief, Defendant INDIANAPOLIS LIFE, an AmerUs Company, was bought by Aviva USA Corporation, an Iowa corporation, organized and existing pursuant to the laws of the State of Iowa, with its principal office at 699 Walnut Street, Des Moines, Iowa. INDIANAPOLIS LIFE was bought by Avivas USA Corporation, but is herein referred to as "INDIANAPOLIS LIFE."

14.    Upon information and belief, Defendant S. WAAGE is an individual and a licensed attorney in the State of California and at all time relevant herein was a resident and citizen of the City of San Diego, State of California..

15.    Upon information and belief, Defendant JENSEN is an individual and a certified public accountant in the State of California and at all time relevant herein was a resident and citizen of the City of San Diego, State of California. Defendant JENSEN is and at all time relevant was an employee of the WAAGE FIRM. Upon information and belief, Defendant WAAGE FIRM has ratified and approved the acts of JENSEN.

16.    Upon information and belief, Defendant J. WAAGE, is an individual and a current resident and citizen of the City of Urbandale, State of Iowa. Based on information and belief, J. WAAGE is the brother of S. WAAGE.

17.    Upon information and belief, Defendant PROVERBIAL INVESTMENTS is an Iowa corporation organized and existing pursuant to the laws of the State of Iowa, with its principal office at 15326 Horton Avenue, Urbandale, Iowa. Upon information and belief, J. WAAGE is an employee and/or owner of PROVERBIAL INVESTMENTS, and PROVERBIAL INVESTMENTS has ratified and approved the acts of J. WAAGE.

18.    Upon information and belief, the WAAGE FIRM is and at all times relevant herein was a California professional corporation organized and existing pursuant to the laws of the State of California, with its principal office at 9255 Towne Centre Drive, San Diego, California.

19.    Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 100, inclusive. Plaintiffs allege that each of these Defendants named herein as DOES 1 through 100, inclusive, are responsible in whole or in part for the actions and/or

/././

BUTTERFIELD
SCHECHTER
♦ LLP

1    omissions alleged herein. Plaintiffs will amend this Complaint to list the true names and capacities

2    of those named herein as DOES 1 through 100 when the same have been ascertained.

3        20.    Upon information and belief, at all times herein mentioned, Defendant J. WAAGE

4    and PROVERBIAL INVESTMENTS were the agents of Defendant INDIANAPOLIS LIFE and were

5    at all times acting within the purpose and scope of said agency, and Defendant INDIANAPOLIS

6    LIFE has ratified and approved the acts of its agents.

7                            **FACTUAL ALLEGATIONS**

8        21.    J. CHRISTENSON is the owner of three companies, TJRK, Remodel Works Bath

9    & Kitchen, Inc. ("Remodel Works"), and Plumbing Plus, Inc. ("Plumbing Plus"). In 2001, Remodel

10   Works had approximately 35 employees and Plumbing Plus had approximately 8 employees. In

11   2001, while Remodel Works and Plumbing Plus were having a financially successful year,

12   J. CHRISTENSON received what he later found out was a spam e-mail for a seminar being

13   promoted by S. WAAGE and/or the WAAGE FIRM regarding tax strategies for business owners.

14   Thinking that the e-mail was from a friend, "Tom," J. CHRISTENSON read the e-mail and became

15   interested in the seminar. J. CHRISTENSON decided to attend the seminar to learn more about the

16   tax strategies that S. WAAGE and WAAGE FIRM were promoting. After the seminar,

17   J. CHRISTENSON was interested in further pursuing advice from S. WAAGE and WAAGE FIRM

18   regarding the amount of tax liability he and his companies were facing for the 2001 year and to see

19   if there was any way to legitimately defer tax on some of the year's profits.

20       22.    J. CHRISTENSON called and made an appointment with S. WAAGE. During their

21   first meeting, S. WAAGE discussed setting up a new company, TJRK, the stock of which would be

22   owned by an irrevocable trust. TJRK would then sponsor a pension plan, a defined benefit plan.

23   S. WAAGE advised J. CHRISTENSON that the contributions to the defined benefit plan would be

24   100 percent income tax deductible to TJRK.

25       23.    In advising J. CHRISTENSON, S. WAAGE claimed that the coverage requirements

26   typically demanded of a qualified retirement plan where entities are in an affiliated services or

27   controlled group arrangement were not applicable because TJRK would be owned by the irrevocable

28   /././

BUTTERFIELD
SCHECHTER
♦ LLP

COMPLAINT

1  trust, which was not owned by an individual over which J. CHRISTENSON had control, nor was

2  it a legal entity in which J. CHRISTENSON had an ownership interest.

3      24.    Based on S. WAAGE's advice and representations, J. CHRISTENSON agreed to set

4  up TJRK, the JMC Irrevocable Trust dated December 31, 2001 (the "Irrevocable Trust"), and the

5  DBPP effective as of December 17, 2001.

6      25.    TJRK contributed approximately $250,000 to the DBPP for the first plan year, and

7  J. CHRISTENSON rolled over approximately $400,000 from his personal IRA into the DBPP.

8      26.    In 2003, realizing that J. CHRISTENSON's businesses were having another

9  financially successful year, S. WAAGE began advising J. CHRISTENSON of his need to establish

10 a 419(e) welfare benefit plan.  S. WAAGE advised J. CHRISTENSON that TJRK could establish

11 a single employer welfare benefit plan that would be funded with life insurance policies on the lives

12 of J. CHRISTENSON and P. CHRISTENSON.

13     27.    S. WAAGE, J. WAAGE, and INDIANAPOLIS LIFE are partners working in concert

14 to promote single employer welfare benefit plans purportedly qualified under IRC § 419(e) to high

15 net worth companies.  Defendants claim that the company plan sponsor can take high income tax

16 deductions for the amounts that are contributed to the plan, making the program look particularly

17 attractive to high net worth company owners.  Defendants cooperated and conspired to market and

18 sell the 419(e) Plan to Plaintiffs.

19     28.    Part of the 419(e) Plan proposal from S. WAAGE was that the 419(e) Plan would be

20 funded  using  insurance  purchased  through  his  brother,  J. WAAGE,  PROVERBIAL

21 INVESTMENTS, and INDIANAPOLIS LIFE.    During the discussions with S. WAAGE,

22 J. CHRISTENSON asked whether he could use his own broker and a different insurance company.

23 S. WAAGE told him that they could not do the 419(e) Plan if they used another broker or insurance

24 company because "he couldn't guarantee the structure would work if he didn't use his brother."

25     29.    Based on S. WAAGE's advice, the 419(e) Plan was created effective as of January 1,

26 2003, and was funded through J. WAAGE and PROVERBIAL INVESTMENTS, with

27 INDIANAPOLIS LIFE insurance policies (the "Policies").

BUTTERFIELD
SCHECHTER
♦ LLP

28 /././

1     30.    TJRK contributed approximately $250,000, which was used for the initial premium

2 payments on the insurance Policies for J. CHRISTENSON and P. CHRISTENSON.

3     31.    In addition to the advice about the DBPP and the 419(e) Plan, S. WAAGE and the

4 WAAGE FIRM also advised J. CHRISTENSON and P. CHRISTENSON that they could rent out

5 a portion of their home to TJRK as its office and further advised that TJRK could take a tax

6 deduction for the rental payments. Based on S. WAAGE and the WAAGE FIRM's advice,

7 J. CHRISTENSON and P. CHRISTENSON, as Landlord, entered into a Lease Agreement with

8 TJRK dated December 17, 2001 ("Lease"). The Lease Agreement provided that Tenant, TJRK,

9 would be responsible for all of the utilities and would be responsible to maintain the property and

10 conduct all repairs. S. WAAGE and the WAAGE FIRM advised that these expenses were a tax

11 deduction to TJRK, and based on S. WAAGE and the WAAGE FIRM's advice, TJRK took these

12 expenses as deductions on its tax returns.

13     32.    On September 22, 2006, TJRK received a notice of audit from the Internal Revenue

14 Service. As a result of the audits, the IRS has indicated that they are disqualifying the DBPP for

15 failure to include the employees of Remodel Works and Plumbing Plus and the 419(e) Plan and

16 disallowing the tax deductions taken thereunder, and an assessment of the taxes, penalties, and

17 interest thereon is imminent. In addition all deductions taken for the Lease arrangement were

18 disallowed.

19            **FIDUCIARY STATUS OF DEFENDANTS**

20     33.    During the relevant period, Defendants J. WAAGE, PROVERBIAL

21 INVESTMENTS, and INDIANAPOLIS LIFE exercised discretion respecting the management and

22 distribution of funds related to the 419(e) Plan that is the subject of this action and/or management

23 or disposition of the 419(e) Plan's assets.

24     34.    During the relevant period, Defendants J. WAAGE, PROVERBIAL

25 INVESTMENTS, and INDIANAPOLIS LIFE rendered investment advice for a fee or other

26 compensation, direct or indirect, with respect to any moneys or other property of the 419(e) Plan, or

27 had any authority or responsibility to do so.

28 /././

BUTTERFIELD
SCHECHTER
♦ LLP

35.     During the relevant period alleged herein, Defendants J. WAAGE, PROVERBIAL INVESTMENTS, and INDIANAPOLIS LIFE acted as fiduciaries of the 419(e) Plan pursuant to the common law and/or ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and the law interpreting such section.

36.     To the extent the 419(e) Plan alleged herein is a valid plan governed by ERISA, ERISA requires every plan to provide for one or more named fiduciaries who will have "authority to control and manage the operation and administration of the plan."

37.     In addition to expressly named fiduciaries, ERISA defines "fiduciary" not in terms of formal trusteeship, but in functional terms of control and authority over the 419(e) Plan and, therefore, an ERISA fiduciary includes anyone who exercises discretionary authority over the 419(e) Plan's management, anyone who exercises authority over the management of its assets, and anyone having discretionary authority or responsibility in the 419(e) Plan's administration.

38.     ERISA treats as fiduciaries not only persons explicitly named as fiduciaries under ERISA § 402(a)(1), but also persons who act as fiduciaries. ERISA § 3(21)(A)(i) makes a person, including a juridical "person" such as PROVERBIAL INVESTMENTS and INDIANAPOLIS LIFE, a fiduciary to the extent it exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.

39.     During the relevant period, Defendants exercised authority, responsibility, and/or control over the 419(e) Plan and its Trust.

40.     Defendant INDIANAPOLIS LIFE issued certain life insurance policies for the purpose of funding the 419(e) Plan and provided services to the 419(e) Plan and is, therefore, a party in interest under ERISA § 3(14)(B), 29 U.S.C. § 1002(14)(B).

41.     Defendant PROVERBIAL INVESTMENTS provided services to the 419(e) Plan and is, therefore, a party in interest under ERISA § 3(14)(B), 29 U.S.C. § 1002(14)(B).

42.     Defendant J. WAAGE provided services to the 419(e) Plan and is, therefore, a party in interest under ERISA § 3(14)(B), 29 U.S.C. § 1002(14)(B).

/././

BUTTERFIELD
SCHECHTER
♦ LLP

**FIRST CLAIM FOR RELIEF**

**RESCISSION AND UNWINDING OF THE TRANSACTIONS**

**AND RESTORATION OF ALL AMOUNTS PAID BY PLAINTIFFS TO DEFENDANTS**

**ERISA §§ 502(a)(2) and 502(a)(3) for Appropriate Relief Under ERISA § 409**

**(By All Plaintiffs Against Defendants J. WAAGE, PROVERBIAL INVESTMENTS, and**

**INDIANAPOLIS LIFE)**

43.     Plaintiffs incorporate herein by reference the above paragraphs as though they were fully set forth herein.

44.     ERISA prohibits certain transactions between ERISA plans and their parties in interest.  Parties in interest are defined by ERISA § 3(14).

45.     Fiduciaries are parties in interest, and persons providing services to the plan are parties in interest.

46.     ERISA prohibits fiduciary self-dealing, including acting in any transaction involving the plan on behalf of a party or representing a party whose interests are adverse to the interests of the plan or its participants or beneficiaries.

47.     Services to the plan can be the lending of money or other extension of credit, the furnishing of goods, services, or facilities, and the transfer to, or use by or for the benefit of, a party in interest, any assets of the plan, whether such transactions are "directly" or "indirectly" of the foregoing type.

48.     Defendants are fiduciaries to the 419(e) Plan and parties in interest under ERISA.

49.     Upon information and belief, the Defendants breached their fiduciary duties and/or engaged in prohibited transactions and dealt with the assets of Plaintiffs for their own benefit and failed to comply with the requirements of Prohibited Transaction Class Exemption 77-9 and 84-24.

50.     Federal regulations under 29 U.S.C. § 1108 impose additional disclosure requirements on parties in interest who are insurance agents.

51.     Prohibited Transaction Class Exemption 84-24, 49 Fed. Reg. 13208 (1984), makes it a prohibited transaction to sell insurance to a plan without proper disclosure of the commissions and in the required format.

BUTTERFIELD
SCHECHTER
♦LLP

52.    Defendants J. WAAGE and PROVERBIAL INVESTMENTS were insurance agents acting on behalf of insurance company INDIANAPOLIS LIFE selling the product to the 419(e) Plan for the purpose of funding the 419(e) Plan.

53.    Defendants J. WAAGE and PROVERBIAL INVESTMENTS were brokers or consultants to the 419(e) Plan and received a commission from the sale of insurance by INDIANAPOLIS LIFE to the 419(e) Plan for the purpose of funding the 419(e) Plan.

54.    Defendants failed to provide the following information to an independent fiduciary of the 419(e) Plan prior to the execution of the subject transactions:

a.    Sales commission expressed as a percentage of gross annual premium payments for the first year and/or each of the succeeding renewal years that would be paid by the insurance company to each agent, broker, or consultant who received a commission in connection with the purchase of any and all of the recommended Policies;

b.    Whether the agent, broker, or consultant is an affiliate of INDIANAPOLIS LIFE, or if the ability of such agent, broker, or consultant to recommend insurance or annuity contracts is limited by any agreement with INDIANAPOLIS LIFE, and the nature of such affiliation, limitation, or relationship;

c.    A description of the charges, fees, discounts, penalties, or adjustments which may be imposed under the recommended contract in connection with the purchase, holding, exchange, termination, or sale of the subject contracts; and

d.    Accurate information related to all payments related to the Policies and all earnings that the Policies paid by Plaintiffs would yield, the risks of loss, and expenses that may affect that yield.

Furthermore, Defendants failed to require Plaintiffs to acknowledge in writing receipt of the above-described information prior to the transaction as required to maintain the Prohibited Transaction Class Exemption.

55.    Defendants thereby deprived Plaintiffs of the ability to make realistic informed decisions related to the Policies. Had Plaintiffs been informed of the true state of events, Plaintiffs would have elected other retirement vehicles and/or investment opportunities.

56. Defendants' pre-plan representations about the propriety of the alleged 419(e) Plan as a valid and legitimate tax-qualified employee benefits plan were incomplete and, either intentionally or negligently and carelessly and in violation of the statutory fiduciary duties under ERISA § 404(a), failed to inform Plaintiffs of pertinent IRS announcements and notices and the risk of violating provisions of the IRC, and misled Plaintiffs to Defendants' self-interest and financial advantage.

57. In particular, Defendants failed to inform Plaintiffs that the IRS has always taken the position that plans designed just as the 419(e) Plan was designed are not income tax deductible.

58. Defendants' representations related to Plaintiffs' Policies, the contributions or premiums due and when they were due, the cash value of the Policies, the features of the Policies, the advantages and disadvantages of the Policies, and promises made regarding Plaintiffs' Policies were incomplete and, either intentionally or negligently and carelessly, failed to inform Plaintiffs of material facts and circumstances that, had Plaintiffs known them, they would not have entered into the transactions or become involved with Defendants.

59. Upon information and belief, Defendants received excessive compensation for their investment counseling and services and engaged in other similar activities in violation of ERISA §§ 406(a)(1) and 408(b), 29 U.S.C. §§ 1106(a)(1) and 1108(b).

60. Upon information and belief, as a result of Defendants' misrepresentations and concealments upon which Plaintiffs relied to their detriment, Plaintiffs are entitled to unwind each and all transactions between Plaintiffs and Defendants by obtaining a surrender by Defendants of the Policies, including, but not limited to, all Policies related to Plaintiffs, in exchange for the return to Plaintiffs of all commissions, premiums, expenses, costs, and fees paid by Plaintiffs related to the Policies.

61. Because Defendants' transactions are illegal under ERISA and not eligible for the tax benefits represented under the IRC, Plaintiffs are authorized by the equitable powers under ERISA § 502(a)(3) "to redress such violations," and prohibited transactions fall within this section.

62. Plaintiffs are entitled to unwind all transactions with Defendants in exchange for the return to Plaintiffs of all premiums, expenses, and fees paid by Plaintiffs. Plaintiffs hereby offer to

1   rescind and restore to Defendants all right, title, and interest in and to the Policies and demand that

2   Defendants restore to Plaintiffs all funds paid as alleged herein. Accordingly, Plaintiffs seek

3   damages in amount to be proven at the time of trial.

4         63.    Upon information and belief, Defendants will contend that they have conducted the

5   transactions concerning the subject Policies and coverage in conformance with the rules and

6   regulations enumerated in ERISA and the IRC or under state law, and that the purchase of the

7   insurance coverage by Plaintiffs was made without misrepresentations or omissions of any material

8   fact related to the taxability of the premiums contributed, the commissions, fees, or expenses, the

9   Policies or 419(e) Plan terms, or the advantages or disadvantages of the 419(e) Plan and Policies

10  thereunder. On this basis, Defendants are expected to contend Plaintiffs are not entitled to a

11  restoration of the premiums, expenses, and fees paid related to the Policies covering Plaintiffs

12  J. CHRISTENSON and P. CHRISTENSON in the 419(e) Plan.

13        64.    Plaintiffs desire a judicial determination of their rights and duties and a declaration

14  as to Plaintiffs' rights to restoration and return of premiums, interest, earnings, expenses, fees, costs,

15  and commissions paid related to the Policies.

16        65.    A judicial determination is necessary and appropriate at this time under the

17  circumstances in order that Plaintiffs may ascertain their rights and duties with respect to a

18  restoration of all amounts paid related to the Policies.

19        66.    As a direct and proximate result of the controversy surrounding the respective rights

20  and duties of the parties, Plaintiffs have been deprived of funds in an amount to be determined at the

21  time of trial.

22        67.    Plaintiffs have been required to obtain counsel and incur costs of suit, and continue

23  to incur attorneys' fees and costs of suit, in order to ascertain their rights and duties. Plaintiffs

24  request reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g).

25  /././

26  /././

27  /././

28  /././

BUTTERFIELD
SCHECHTER
♦ LLP

## SECOND CLAIM FOR RELIEF

## BREACH OF FIDUCIARY AND COFIDUCIARY DUTY, FRAUD, AND

## MISREPRESENTATION UNDER ERISA

## 29 U.S.C. §§ 1104, 1105(a), 1106(a), 1109(a) and 1132(a)(2) & (3)

## [ERISA §§ 404(a), 405(a), 406(a), 409(a) and 502(a)(2) & (3)]

## (By All Plaintiffs Against Defendants INDIANAPOLIS LIFE, J. WAAGE and

## PROVERBIAL INVESTMENTS)

68.    Plaintiffs incorporate herein by reference the above paragraphs as though they were fully set forth herein.

69.    Both common law and ERISA fiduciary duties exist.

70.    ERISA § 404(a)(1)(A) imposes on a plan fiduciary a duty of loyalty–that is, to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries . . . (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan . . . ."

71.    ERISA § 404(a)(1)(B) also imposes on a plan fiduciary a duty of prudence–that is, "a fiduciary shall discharge his duties with respect to a plan *solely* in the interest of the participants and beneficiaries" and "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims . . . ." (Emphasis added.)

72.    While ERISA tolerates the existence of a conflict of interest, it does not tolerate any adverse consequence to plan participants and beneficiaries.

73.    ERISA guarantees plan participants and beneficiaries, by statute, a fiduciary who acts solely in their interests and requires that a fiduciary laboring under a conflict of interest to "act as if he is 'free' of such a conflict."

74.    Upon information and belief, there is no balancing of the fiduciary's or cofiduciary's or a third party's interests, as ERISA commands undivided loyalty to the plan participants.

/ . / . /

/ . / . /

BUTTERFIELD
SCHECHTER
♦ LLP

75.   Upon information and belief, Congress intended ERISA's fiduciary responsibility provisions to be a codification of the common law of trusts, and the duties of care and integrity demanded of a fiduciary are among the highest, if not the highest, known to common law.

76.   Under the common law and ERISA, a fiduciary is liable not only for his own fiduciary breaches, but also for failure to use reasonable care to prevent his cofiduciaries from breaching their duties.

77.   A fiduciary who knows of a cofiduciary's breach is liable pursuant to ERISA § 405 unless he makes reasonable efforts to remedy the breach.

78.   A fiduciary is also prohibited under ERISA § 406 from engaging in or causing the plan to engage in a transaction if he knows or should know that such transaction constitutes a direct or indirect lending of money or other extension of credit between the plan and a party in interest or transfer to or use by or for the benefit of a party in interest any assets of the plan.

79.   A fiduciary is prohibited under ERISA § 406(b) from dealing with the assets of the plan in his own interest or for his own account, whether as an individual or any other capacity. A fiduciary shall not take part in any transaction involving the plan on behalf of a party (or representing a party) whose interests are adverse to the interests of the plan or its participants or beneficiaries and shall not receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

80.   Under the common law and ERISA, a plan fiduciary's duties of loyalty and prudence include a duty to disclose and inform.  This duty entails (i) a negative duty not to misinform; (ii) an affirmative duty to inform when the fiduciary knows or should know that silence might be harmful; and (iii) a duty to convey complete and accurate information material to the circumstances of participants and beneficiaries.

81.   During the relevant period after TJRK adopted the 419(e) Plan, Defendants breached their fiduciary duties to disclose and inform, with respect to the Prohibited Transaction Exemption, as alleged herein, the IRC requirements, and ERISA requirements, who would be paid what amounts related to Plaintiffs' participation in the 419(e) Plan and obtaining of insurance products, or, in sum, the true state of events and obligations and risks related to the Policies.

BUTTERFIELD
SCHECHTER
♦ LLP

00140521.WPD

- 15 -

COMPLAINT

82.     Upon information and belief, Defendants owed a fiduciary duty to Plaintiffs as persons providing management services and financial advice with respect to the disposition of the funds of the 419(e) Plan.

83.     Upon information and belief, Defendants, directly and indirectly, singly and in concert, in violation of their fiduciary duties owed to Plaintiffs, have performed a nonexempt prohibited transaction as defined in 29 U.S.C. § 1106 in that said Defendants are fiduciaries who have done, among others, the acts as alleged in this Complaint.

84.     Defendants breached their duty to avoid conflicts of interest and promptly resolve them when they occurred and by engaging in self-dealing, deception, and evasion by:

       a.     dealing with the assets of Plaintiffs for their own interest or for their own account;

       b.     receiving consideration for their own personal account in connection with a transaction involving assets of Plaintiffs;

       c.     failing to provide information prior to the transaction to Plaintiffs regarding the sales commissions for the first year and/or for each of the succeeding renewal years paid by Defendant INDIANAPOLIS LIFE to the agents or brokers in connection with the purchase of the recommended Policies;

       d.     failing to provide information prior to the transaction to Plaintiffs regarding the charges, fees, discounts, penalties, or adjustments which could be imposed under the recommended Policies in connection with the purchase, holding, exchange, termination, or sale of the Policies;

       e.     failing to obtain a written receipt from Plaintiffs prior to the transaction acknowledging receipt of the information concerning the sales commissions and other charges and approving the transaction on behalf of the benefit plan; and/or

       f.     failing to accurately inform Plaintiffs of the pertinent IRS Announcements, Notices, and Revenue Rulings which were directly related to the type of transaction Defendants promoted and sold to Plaintiffs.

/././

BUTTERFIELD
SCHECHTER
♦ LLP

00140521.WPD

- 16 -

COMPLAINT

85.    Upon information and belief, Defendants, directly and indirectly, singly and in concert, in violation of their fiduciary duties owed to the 419(e) Plan's participants and beneficiaries, have made numerous misrepresentations to Plaintiffs which operated to defraud and deceive these Plaintiffs, and such acts as alleged in this Complaint were done for the purpose of inducing Plaintiffs to purchase the Policies through Defendants.

86.    Plaintiffs are informed and believe and based thereon allege that the above Defendants, directly and indirectly, singly and in concert, in violation of their fiduciary duties owed to Plaintiffs, omitted to state numerous material facts which made the statements to Plaintiffs misleading, or dealt with Plaintiffs' funds and values of the Policies without Plaintiffs' consent as if they were Defendants' own which operated to defraud and deceive Plaintiffs, and said material facts were omitted for the purpose of inducing Plaintiffs to continue their payments toward the Policies. Material facts omitted by Defendants include, among others, the following:

a.    that payment of the life insurance premiums for the Policies through the 419(e) Plan would not result in additional income tax liability when, in contrast, Plaintiffs could come under investigation by the IRS for participating in what Plaintiffs now believe and based thereon allege was a carefully crafted, deceptive, improper tax avoidance scheme by Defendants;

b.    that at all relevant times, Defendants were on notice of the IRS's position and intentionally failed to accurately notify Plaintiffs of the IRS claims concerning the types of plans into which Defendants induced Plaintiffs to participate and to continue to participate after the IRS Announcements/Notices had been issued which could significantly impact and damage Plaintiffs related to the potential for loss of tax deductions and assessment of tax penalties and interest;

c.    that Defendants' promotion of their program would also pay to Defendants unknown amounts, undisclosed commissions, and other earnings;

d.    that in advising Plaintiffs, Defendants, directly and indirectly, acting singly and in concert, engaged in acts and practices, made numerous misrepresentations, and omitted to state material facts to Plaintiffs about the guarantees under the Policies, the tax deductibility of annual projected contribution amounts, and their cash value, which operated to defraud and deceive

/././

1  Plaintiffs, and that said acts were done for the purpose of inducing Plaintiffs to purchase the Policies

2  and coverage alleged herein; and

3          e.      that the 419(e) Plan was to receive information from Defendants describing

4  the sales commissions, charges, fees, discounts, penalties, or adjustments incurred in connection with

5  the transaction prior to the execution of the transactions.

6          87.     As a direct and proximate result of the breach of fiduciary duties by Defendants as

7  alleged herein, Plaintiffs have been damaged in an amount to be proven at the time of trial.

8          88.     Plaintiffs have been required to retain counsel and incur costs of suit, and continue

9  to incur attorneys' fees and costs of suit as a result of the breach of fiduciary duties by Defendants.

10  Plaintiffs request reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA §

11  502(g), 29 U.S.C. § 1132(g).

12                          **THIRD CLAIM FOR RELIEF**

13                  **RESCISSION AND UNWINDING OF THE TRANSACTIONS**

14  **AND RESTORATION OF ALL AMOUNTS PAID BY PLAINTIFFS TO DEFENDANTS**

15          **ERISA § 502(a)(3) for Appropriate Relief for Violation of ERISA § 406(a)**

16  **(By All Plaintiffs Against Defendants INDIANAPOLIS LIFE, S. WAAGE, WAAGE FIRM,**

17                  **J. WAAGE, AND PROVERBIAL INVESTMENTS)**

18          89.     Plaintiffs incorporate herein by reference the above paragraphs as though they were

19  fully set forth herein.

20          90.     ERISA § 406(a) prohibits a fiduciary with respect to a plan from causing the plan to

21  engage in a transaction if he knows or should know that the transaction constitutes a direct or indirect

22  (A) sale or exchange, or leasing, of any property between the plan and a party in interest; (B) lending

23  of money or other extension of credit between the plan and a party in interest; (C) furnishing of

24  goods, services, or facilities between the plan and a party in interest; (D) transfer to, or use by or for

25  the benefit of, a party in interest, of any assets of the plan; or (E) acquisition, on behalf of the plan,

26  of any employer security or employer real property in violation of § 407(a).

27          91.     ERISA § 502(a)(3) permits a "participant, beneficiary, or fiduciary to . . . enjoin any

28  act or practice which violates any provisions of [ERISA] . . . or (B) to obtain other appropriate

BUTTERFIELD
SCHECHTER
♦ LLP

COMPLAINT

1    equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] . . ."

2    (Emphasis added). The U.S. Supreme Court in the case of *Harris Trust and Sav. Bank v. Salomon*

3    *Smith Barney, Inc.*, 530 U.S. 238 (2000), paved the way for actions against nonfiduciaries under

4    ERISA § 502(a)(3) for violating provisions of ERISA.

5          92.     Defendants are parties in interest under ERISA § 3(14)(B), 29 U.S.C. § 1002(14)(B)

6    because they provided services to the Plan.

7          93.     During the relevant period after TJRK adopted the 419(e) Plan, Defendants violated

8    the prohibited transaction rules set forth in ERISA § 406(a) by participating in the furnishing of

9    services between the Plan and parties in interest.   Upon information and belief, Defendants are not

10    relieved from the duties required by ERISA because they failed to meet the requirements under

11    Prohibited Transaction Exemptions 77-9 and 84-24.

12          94.     Defendants violated the prohibited transaction rules set forth in ERISA § 406(a) by

13    participating with a Plan fiduciary in the following conduct:

14          a.     dealing with the assets of Plaintiffs for their own interest or for their own

15    account;

16          b.     receiving consideration for their own personal account in connection with a

17    transaction involving assets of Plaintiffs;

18          c.     failing to provide information prior to the transaction to Plaintiffs regarding

19    the sales commissions for the first year and/or for each of the succeeding renewal years paid by

20    Defendant INDIANAPOLIS LIFE to the agents or brokers in connection with the purchase of the

21    recommended Policies;

22          d.     failing to provide information prior to the transaction to Plaintiffs regarding

23    the charges, fees, discounts, penalties, or adjustments which could be imposed under the

24    recommended Policies in connection with the purchase, holding, exchange, termination, or sale of

25    the Policies;

26          e.     failing to obtain a written receipt from Plaintiffs prior to the transaction

27    acknowledging receipt of the information concerning the sales commissions and other charges and

28    approving the transaction on behalf of the benefit plan; and/or

BUTTERFIELD
SCHECHTER
♦ LLP

00140521.WPD              - 19 -                  COMPLAINT

1           f.      failing to accurately inform Plaintiffs of the pertinent IRS Announcements,

2   Notices, and Revenue Rulings which were directly related to the type of transaction Defendants

3   promoted and sold to Plaintiffs.

4        95.    Plaintiffs are informed and believe and based thereon allege that the above

5   Defendants, directly and indirectly, singly and in concert, in violation of ERISA § 406(a) knowingly

6   participated in the furnishing of services between the Plan and parties in interest.

7        96.    As a direct and proximate result of Defendants' violation of prohibited transaction

8   rules set forth in ERISA § 406(a), Plaintiffs have been damaged in an amount to be proven at the

9   time of trial. Plaintiffs are entitled to relief consistent with ERISA § 502(a)(5), including restitution

10  of ill-gotten plan assets or profits.

11       97.    Plaintiffs have been required to retain counsel and incur costs of suit, and continue

12  to incur attorneys' fees and costs of suit as a result of Defendants' violation of ERISA.  Plaintiffs

13  request reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29

14  U.S.C. § 1132(g).

15                  **FOURTH CLAIM FOR RELIEF**

16               **SUPPLEMENTAL/PENDENT STATE CLAIM**

17          **FOR PRE-PLAN NEGLIGENT MISREPRESENTATION**

18  **(By All Plaintiffs Against Defendants INDIANAPOLIS LIFE, S. WAAGE, WAAGE FIRM,**

19        **J. WAAGE, PROVERBIAL INVESTMENTS, and ROBERT JENSEN)**

20       98.    Plaintiffs incorporate herein by reference paragraphs 1 through 32 as though they

21  were fully set forth herein.

22       99.    Defendants negligently and carelessly, through exaggeration and misrepresentation,

23  induced and persuaded Plaintiff J. CHRISTENSON to create TJRK and the Irrevocable Trust, which

24  would own the shares of TJRK, and induced and persuaded TJRK to adopt the DBPP and 419(e)

25  Plan and contribute huge sums of "surplus" annual income.  Said promises as alleged herein were

26  negligently made prior to the formation of the 419(e) Plan and are not relevant to the administration

27  of an ERISA plan except peripherally or tangentially, if at all, as alleged in the FIRST, SECOND and

28  THIRD CLAIMS FOR RELIEF.

BUTTERFIELD
SCHECHTER
♦ LLP

100.    Upon information and belief, Defendants negligently misrepresented and concealed the true coverage requirements of the DBPP and the qualifications of the 419(e) Plan and the tax risks and the possible adverse consequences of not including the employees of Remodel Works and Plumbing Plus in the DBPP in violation of the coverage requirements under IRC § 414 and specifically did so to induce high-income-earners such as Plaintiff J. CHRISTENSON to cause him to enter into the Irrevocable Trust/DBPP Structure and adopt a 419(e) Plan, both of which were at all times inherently at risk of disqualification by the Internal Revenue Service. Plaintiffs relied on the representations and did not know of the negligently concealed information which, had it been disclosed, would have notified Plaintiffs of serious risks and concerns about the DBPP structure, including the coverage requirements of IRC § 414, as well as the 419(e) Plan's structure and its dealings, and Plaintiffs would not have become involved with Defendants and their Irrevocable Trust, DBPP, and 419(e) Plan structure.

101.    Plaintiffs are further informed and believe and based thereon allege that Defendants negligently induced said Plaintiffs to participate in the 419(e) Plan structure by carelessly and negligently misleading Plaintiffs with regard to the scope and length of annual funding contributions, the income tax deductibility of said contributions, the funding limitation, the amount of insurance to be required, the availability of borrowing from the 419(e) Plan on a tax-free basis at any time, and the overall tax-qualified status of the 419(e) Plan.

102.    Plaintiffs were damaged by the negligent nondisclosure and the negligent representations and inducements to participate in the Irrevocable Trust/DBPP Structure and 419(e) Plan structure.

103.    At the same time, Plaintiffs are further informed and believe and based thereon allege that Defendants INDIANAPOLIS LIFE, J. WAAGE, and PROVERBIAL INVESTMENTS earned significant sums in commissions from the sale of insurance to the 419(e) Plan.

104.    Upon information and belief, Defendants knew or should have known of the potential adverse tax consequences, and not only negligently failed to tell Plaintiffs, but carelessly reassured Plaintiffs at all times that the DBPP did not have to cover the employees of Remodel Works and Plumbing Plus and that the full amount of the contributions to the 419(e) Plan would be tax

BUTTERFIELD
SCHECHTER
♦ LLP

1  deductible. Plaintiffs are now informed and believe and based thereon allege that the DBPP did have

2  to cover the employees of Remodel Works and Plumbing Plus in accordance with IRC § 414 and that

3  the contributions to the 419(e) Plan were not income tax deductible.

4    105.  Upon information and belief, Defendants are accountable for said pre-plan

5  misrepresentations and false inducements to purchase and/or negligent processing of an application

6  for insurance.

7    106.  Upon information and belief, Plaintiffs' pre-plan misrepresentation and concealment

8  claims are not subject to ERISA preemption, and Defendants were not ERISA fiduciaries with

9  respect to the sale of the Policies. Defendants' role was to create or market the Irrevocable Trust and

10  DBPP as a legitimate way of avoiding the coverage requirements of IRC § 414 and to create or

11  market 419(e) Plans as alleged tax-qualified employee benefits plans or the insurance used to fund

12  the 419(e) Plan, and such role involved pre-plan misrepresentations.

13    107.  Plaintiffs are entitled to rescind the Policies, unwind the transactions, obtain a

14  constructive trust over all contributions, earnings, and interest, and a return of all expenses, fees,

15  costs, premiums, commissions, or other amounts Plaintiffs have paid.

16    108.  As a proximate result of the aforementioned negligent and careless conduct, Plaintiffs

17  have suffered, and will continue to suffer in the future, damages, plus amounts of expenses, fees,

18  penalties, and interest, for a total amount to be shown at the time of trial.

19  **FIFTH CLAIM FOR RELIEF**

20  **SUPPLEMENTAL/PENDENT STATE CLAIM**

21  **ALTERNATIVELY FOR DAMAGES AND/OR RESCISSION BASED ON PRE-PLAN**

22  **COMMON LAW FRAUD, DECEIT, CONCEALMENT, AND MISREPRESENTATION**

23  **AND FRAUDULENT ACTS BY AGENTS**

24  **(By All Plaintiffs Against All Defendants)**

25    109.  Plaintiffs incorporate herein by reference paragraphs 1 through 32 and 98 through 108

26  as though they were fully set forth herein.

27    110.  Plaintiffs were defrauded in transactions that were independent of the alleged ERISA

28  transactions.

BUTTERFIELD
SCHECHTER
♦ LLP

111. Specifically, the pre-plan promises and assurances, representations and misrepresentations, and concealments to induce Plaintiffs to create TJRK, create the Irrevocable Trust to hold the shares of TJRK to purportedly avoid the coverage requirements of IRC § 414, and to adopt the DBPP and the 419(e) Plan did not and do not affect the administration or calculation of benefits under ERISA except peripherally or tangentially and include, but are not limited to, the following:

a. Defendants misrepresented and concealed the risks associated with the use of an Irrevocable Trust as sole shareholder of the Plan Sponsoring entity to avoid the coverage requirements of the DBPP under IRC § 414. Defendants further misrepresented and concealed the true qualifications of what the 419(e) Plan would be, its tax benefits, the value of the Policies that would be obtained thereunder, employer tax risks thereunder, the consequences and risks of the 419(e) Plan, and the availability of borrowing on a tax-free basis thereunder at any time, and specifically did so to induce high income earners such as J. CHRISTENSON to create TJRK and cause the business to create the Irrevocable Trust, adopt the DBPP, and adopt the 419(e) Plan and participate in Defendant S. WAAGE, INDIANAPOLIS LIFE, J. WAAGE, PROVERBIAL INVESTMENTS and WAAGE FIRM's tax avoidance scheme. Plaintiffs relied on the representations and did not know of the concealed information which, had it been disclosed, would have notified Plaintiffs of serious risks and concerns about the structure of said scheme.

b. Defendant INDIANAPOLIS LIFE, by and through its agents J. WAAGE and PROVERBIAL INVESTMENTS, falsely and through exaggeration, misrepresentation, and concealment, and with the intent to influence, persuade, and induce Plaintiffs through pre-plan representations to adopt the 419(e) Plan and contribute huge sums of annual earnings, did so induce Plaintiffs by the promises alleged in this Complaint. Said promises when made did not relate to an ERISA plan except peripherally or tangentially–if at all, as alleged in the FIRST, SECOND and THIRD CLAIMS FOR RELIEF.

c. Defendants further misrepresented and concealed information related to the nature, extent, amount, and length of required annual funding on Policies to be issued under the /././

BUTTERFIELD
SCHECHTER
♦ LLP

COMPLAINT

1   419(e) Plan, the tax deductibility of the contribution amounts, the tax-qualified status of the 419(e)

2   Plan, and what the cash value of said Policies would be.

3          d.    Said representations were material to the decision to create the Irrevocable

4   Trust and to enter into the DBPP and 419(e) Plan, and had Plaintiffs known the truth, they would

5   have investigated and/or chosen other investment options.

6          112.  At the time these willful, malicious, false, and fraudulent representations were made

7   by Defendants, said Defendants knew or should have known that the representations were false and

8   were made willfully and maliciously, intending that Plaintiffs would rely on them, and that said

9   representations and concealed information would and did cause Plaintiffs to become entrenched in

10  the structure through the contribution and payment of approximately $1,699,000 that was contributed

11  to both the DBPP and 419(e) Plan.

12         113.  Plaintiffs were damaged by the undisclosed and concealed information and the

13  misrepresentations and false inducements to enter into the Irrevocable Trust/DBPP Structure and the

14  419(e) Plan.

15         114.  Upon information and belief, Defendants knew of the potential adverse tax

16  consequences of the Irrevocable Trust/DBPP Structure and 419(e) Plan and not only failed to tell

17  Plaintiffs, but affirmatively reassured Plaintiffs at all times that the contributions would be income

18  tax deductible, that there were no tax risks, and that there would be no current tax liability arising

19  to TJRK, J. CHRISTENSON or P. CHRISTENSON.

20         115.  Upon information and belief, said Defendants are accountable for said pre-plan

21  misrepresentations and fraudulent inducement to purchase and/or negligent processing of an

22  application for the Policies.

23         116.  Upon information and belief, the claims made by Plaintiffs for pre-plan

24  misrepresentation and concealment are not subject to ERISA preemption. Defendants

25  INDIANAPOLIS LIFE, J. WAAGE, and PROVERBIAL INVESTMENTS neither were ERISA

26  entities nor fiduciaries for the sale of the Policies in making pre-plan misrepresentations, and

27  Defendants' role was to create or market the alleged tax-qualified 419(e) Plan employee benefits

28  plans, or the insurance used to fund the Plan, and such role involved pre-plan misrepresentations.

BUTTERFIELD
SCHECHTER
♦ LLP

00140521.WPD                              - 24 -                              COMPLAINT

117.    At the time these pre-plan representations were made and concealed information not disclosed, Plaintiffs were ignorant of their falsity or that they were materially incomplete, but believed them to be true.

118.    At the same time, Plaintiffs are further informed and believe and based thereon allege that Defendants earned significant sums in secret commissions from the sale of insurance to the 419(e) Plan which was not disclosed to Plaintiffs.

119.    Upon information and belief, Defendants are accountable for said misrepresentations, concealment, and self-dealing.

120.    As a consequent and proximate result of the aforementioned wrongful conduct of Defendants related to pre-plan misrepresentation, fraud, deceit, and concealment, Plaintiffs have suffered, and will continue to suffer in the future, damages under said insurance coverage plus amounts of expenses, fees, and interest, for a total amount to be shown at the time of trial, as well as damages resulting from the IRS audit of the Irrevocable Trust/DBPP Structure which result stems from the failure of the structure in that the Irrevocable Trust did not avoid the coverage requirements under IRC § 414 and the DBPP was required to cover the employees of Remodel Works and Plumbing Plus, as indicated by the IRS findings and assessment, for total damages in an amount to be determined at the time of trial.

121.    Plaintiffs are entitled to rescind the Policies, unwind the transactions, obtain a constructive trust over all contributions, earnings, and interest and a return of all expenses, fees, costs, premiums, commissions, or other amounts Plaintiffs have paid, and are entitled to damages.

122.    As a further proximate result of the aforementioned wrongful conduct of Defendants, Plaintiffs J. CHRISTENSON and P. CHRISTENSON have suffered anxiety, worry, mental and emotional distress, financial injury, and other incidental damages and out-of-pocket expenses, including attorneys' fees, all to Plaintiffs' damage in a sum to be determined at time of trial, but, in any event, a sum in excess of the jurisdictional requirements of the above-entitled Court.

123.    Upon information and belief, Defendants acted knowingly, willfully, intentionally, oppressively, and with the intent to defraud and deceive Plaintiffs with a conscious and callous

/./././

BUTTERFIELD
SCHECHTER
◆ LLP

1    disregard of Plaintiffs' rights and the fiduciary duties of Defendants. Plaintiffs are, therefore, entitled

2    to punitive and exemplary damages in an amount to be proven at trial.

3         124.    Defendants' despicable conduct described herein was done with a conscious disregard

4    of Plaintiffs J. CHRISTENSON and P. CHRISTENSON's rights and with the intent to vex, injure,

5    or annoy Plaintiffs, such as to constitute oppression, fraud, or malice, entitling said Plaintiffs to

6    punitive damages in an amount appropriate to punish or set an example of Defendants.

7    **SIXTH CLAIM FOR RELIEF**

8    **SUPPLEMENTAL STATE CLAIM**

9    **FOR LEGAL MALPRACTICE/NEGLIGENCE**

10    (By All Plaintiffs Against Defendants S. WAAGE and WAAGE FIRM)

11         125.    Plaintiffs incorporate herein by reference paragraphs 1 through 32 and 98 through 124

12    as though they were fully set forth herein.

13         126.    Plaintiffs employed Defendant S. WAAGE and WAAGE FIRM to advise and

14    represent J. CHRISTENSON, P. CHRISTENSON, and TJRK on trusted legal, tax, and related

15    financial matters, including advice regarding legitimate tax deferral structures such as employee

16    benefit plans, including the DBPP and 419(e) Plan.

17         127.    Said Defendants accepted said employment and agreed to perform such services for

18    Plaintiffs and expressly and impliedly represented to Plaintiffs that they were competent and skilled

19    in the areas of legal and tax planning, including advice regarding creating, implementing, and/or

20    maintaining employee benefit plans and the tax implications of said plans, including, without

21    limitation, the qualification of said plans and the tax deductibility of the contributions made to said

22    plans, and that they were competent and skilled in the area of tax advice with regard to allowable

23    deductions for the payment made pursuant to the Lease, in other words, the Lease arrangement.

24         128.    In reliance upon said representations, Plaintiffs hired S. WAAGE and WAAGE FIRM

25    as their trusted advisors to represent and advise them in all aspects relating to the tax planning,

26    retirement planning, and tax deductibility of the employee benefits plans, including the DBPP and

27    the 419(e) Plan, and to represent and advise with regard to the set up and tax deductibility of the

28    Lease arrangement.

BUTTERFIELD
SCHECHTER
♦ LLP

129.    As a result of said employment, a special relationship of trust and confidence was created between Plaintiffs and said Defendants, which required that said Defendants at all times exercise the utmost loyalty and good faith toward Plaintiffs, exercise reasonable skill, prudence, and diligence in performing their duties as other members of the legal profession commonly possess and exercise, and disclose to and advise Plaintiffs with regard to all matters which might be material to Plaintiffs or affect their decisions concerning the DBPP and the 419(e) Plan creation, implementation, maintenance, and advice with regard to the tax returns related thereto and related to the Lease arrangement.

130.    At all times relevant hereto, Defendants failed to exercise reasonable care, prudence, and skill in advising Plaintiffs with regard to the coverage requirements of the DBPP, the tax deductibility of contributions to the 419(e) Plan, and the tax deductibility of the Lease arrangement, and negligently and carelessly, and in breach of their duties, failed to inform Plaintiffs that the DBPP needed to cover the employees of Remodel Works and Plumbing Plus and that contributions to 419(e) plans are and were not deductible at the amounts advised by said Defendants, and that the Lease payments were not tax deductible to TJRK. Defendants further negligently and carelessly, and in breach of their duties, failed to inform Plaintiffs that the IRS had scrutinized these types of 419(e) plans well before the issuance of IRS Notices 2007-65, 2007-83, and 2007-84.

131.    As a proximate result of Defendants' negligence and breaches of fiduciary duties to Plaintiffs, the contributions to the DBPP and 419(e) Plan have been disallowed by the IRS and are subject to income and excise taxes, penalties, and interest, and the deductions taken for the Lease arrangement have bene disallowed.

132.    As a further direct and proximate result of the negligence and breaches of duty of Defendants, Plaintiffs have paid to said Defendants substantial sums of costs and fees, are liable for payment of significant penalties, excise taxes, and interest thereon, and are entitled to the return of said sums in that the inferior and negligent services which Defendants rendered had no value to Plaintiffs.

133.    As a further proximate result of the aforementioned wrongful conduct of Defendants, Plaintiffs J. CHRISTENSON and P. CHRISTENSON have suffered anxiety, worry, mental and

BUTTERFIELD
SCHECHTER
♦LLP

COMPLAINT

1   emotional distress, financial injury, and other incidental damages and out-of-pocket expenses,

2   including attorneys' fees, all to Plaintiffs' damage in a sum to be determined at time of trial, but, in

3   any event, a sum in excess of the jurisdictional requirements of the above-entitled Court.

4          134.    Upon information and belief, Defendants acted knowingly, willfully, intentionally,

5   oppressively, and with the intent to defraud and deceive Plaintiffs with a conscious and callous

6   disregard of Plaintiffs' rights and the fiduciary duties of Defendant. Plaintiffs are, therefore, entitled

7   to punitive and exemplary damages in an amount to be proven at trial.

8                              **SEVENTH CLAIM FOR RELIEF**

9                              **SUPPLEMENTAL STATE CLAIM**

10               **FOR PROFESSIONAL MALPRACTICE/NEGLIGENCE**

11          **(By All Plaintiffs Against Defendants WAAGE FIRM AND JENSEN)**

12          135.    Plaintiffs incorporate herein by reference paragraphs 1 through 32 and 98 through 134

13   as though they were fully set forth herein.

14          136.    Plaintiffs employed Defendant JENSEN and WAAGE FIRM to advise and represent

15   J. CHRISTENSON and P. CHRISTENSON on trusted tax matters, including advice regarding tax

16   deductions for the contributions to the DBPP and the 419(e) Plan. Plaintiffs further employed

17   JENSEN and WAAGE FIRM to advise them with regard to, but not limited to, the tax deductions

18   on TJRK's corporate returns for contributions to the DBPP and 419(e) Plan and tax deductions on

19   TJRK's corporate returns for the Lease arrangement.

20          137.    Said Defendants accepted said employment and agreed to perform such services for

21   Plaintiffs and expressly and impliedly represented to Plaintiffs that they were competent and skilled

22   in the areas of tax planning, including advice regarding implementing and/or maintaining employee

23   benefit plans and the tax implications of said plans, including, without limitation, the tax

24   deductibility of the contributions made to said plans, and tax deductions for the Lease arrangement.

25          138.    In reliance upon said representations, Plaintiffs hired the WAAGE FIRM and

26   JENSEN as their trusted advisors to represent and advise them in all aspects relating to the tax

27   planning and tax deductibility of the employee benefits plans, including the DBPP and the 419(e)

28   /././

BUTTERFIELD
SCHECTER
♦ LLP

1  Plan, to accurately prepare the tax filings for TJRK, the DBPP, and the 419(e) Plan, and to represent

2  and advise them with regard to the set up and ultimate tax deductions for the Lease arrangement.

3      139.  As a result of said employment, a special relationship of trust and confidence was

4  created between Plaintiffs and said Defendants, which required that said Defendants at all times

5  exercise the utmost loyalty and good faith toward Plaintiffs, exercise reasonable skill, prudence, and

6  diligence in performing their duties as other members of the accounting profession commonly

7  possess and exercise, and disclose to and advise Plaintiffs with regard to all matters which might be

8  material to Plaintiffs or affect their decisions concerning the tax deductions taken for contributions

9  to the DBPP and the 419(e) Plan.

10      140.  At all times relevant hereto, Defendants failed to exercise reasonable care, prudence,

11  and skill in advising Plaintiffs with regard to the tax deductibility of contributions to the 419(e) Plan,

12  and negligently and carelessly, and in breach of their duties, failed to inform Plaintiffs that the

13  contributions to 419(e) plans are and were not deductible at the amounts advised by said Defendants.

14  Defendants further negligently and carelessly, and in breach of their duties, failed to inform Plaintiffs

15  that the IRS had scrutinized these types of 419(e) Plans well before the issuance of IRS Notices

16  2007-65, 2007-83, and 2007-84, and failed to inform Plaintiffs of the risks associated with taking

17  the deductions for the Lease arrangement.

18      141.  As a proximate result of Defendants' negligence and breaches of fiduciary duties to

19  Plaintiffs, the contributions to the DBPP and 419(e) Plan were not tax deductible and have been

20  disallowed by the IRS and are subject to income and excise taxes, penalties, and interest. In addition,

21  the IRS has disallowed the deductions taken by TJRK for the Lease arrangement.

22      142.  As a further direct and proximate result of the negligence and breaches of duty of

23  Defendants, Plaintiffs have paid to said Defendants substantial sums of costs and fees, are liable for

24  payment of significant penalties, excise taxes, and interest thereon, and are entitled to the return of

25  said sums in that the inferior and negligent services which Defendants rendered had no value to

26  Plaintiffs.

27      143.  As a further proximate result of the aforementioned wrongful conduct of Defendants,

28  Plaintiffs J. CHRISTENSON and P. CHRISTENSON have suffered anxiety, worry, mental and

BUTTERFIELD
SCHECHTER
♦ LLP

00140521.WPD                    - 29 -

COMPLAINT

1   emotional distress, financial injury, and other incidental damages and out-of-pocket expenses,

2   including attorneys' fees, all to Plaintiffs' damage in a sum to be determined at time of trial, but, in

3   any event, a sum in excess of the jurisdictional requirements of the above-entitled court.

4       144.   Upon information and belief, Defendants acted knowingly, willfully, intentionally,

5   oppressively, and with the intent to defraud and deceive Plaintiffs with a conscious and callous

6   disregard of Plaintiffs' rights and the fiduciary duties of Defendant. Plaintiffs are, therefore, entitled

7   to punitive and exemplary damages in an amount to be proven at trial.

8   **EIGHTH CLAIM FOR RELIEF**

9   **SUPPLEMENTAL STATE CLAIM**

10  **FOR BREACH OF COMMON LAW FIDUCIARY DUTY**

11  **(By All Plaintiffs Against Defendants S. WAAGE, the WAAGE FIRM, AND JENSEN)**

12      145.   Plaintiffs incorporate herein by reference paragraphs 1 through 32 and 98 through 144

13  as though they were fully set forth herein.

14      146.   At all times relevant herein, S. WAAGE, WAAGE FIRM and JENSEN held

15  themselves out as possessing superior knowledge with regard to the creation and implementation of

16  qualified retirement plans, such as the DBPP and 419(e) Plan as well as possessing superior

17  knowledge with regard to tax related matters.  By virtue of the advisory and agency relationship

18  between said Defendants and Plaintiffs, said Defendants owed a fiduciary duty to Plaintiffs to act

19  honestly, faithfully, and in Plaintiffs' best interests with respect to the creation, implementation, and

20  maintenance of the DBPP and 419(e) Plan and the tax advice given therefor.

21      147.   As a result of the above-described actions, Defendants wrongfully and intentionally

22  breached the fiduciary duties owed to Plaintiffs, including, but not limited to, the duty to disclose

23  the true tax qualified status of the 419(e) Plan and the risks associated therewith, and the risks of not

24  including the employees of Remodel Works and Plumbing Plus under the DBPP.

25      148.   In addition, said Defendants had a duty to act honestly, faithfully, and in Plaintiffs'

26  best interests with respect to the creation, implementation, and maintenance of the DBPP and 419(e)

27  Plan and to advise Plaintiffs with regard to all tax risks associated therewith.

BUTTERFIELD
SCHECHTER
◆ LLP

28  /././

149.    Based on information and belief, said Defendants caused Plaintiffs to create TJRK and the Irrevocable Trust to hold the shares of TJRK, purportedly to avoid the coverage requirements of IRC § 414 for the DBPP, and caused Plaintiffs to create the 419(e) Plan.  As a result of said conduct, Plaintiffs entered into the DBPP and, based on said Defendants' advice, failed to cover the employees of Remodel Works and Plumbing Plus, and said Defendants further caused Plaintiffs to create the 419(e) Plan and take tax deductions for the contributions to the 419(e) Plan in violation of the IRC.

150.    Said Defendants owed a duty to Plaintiffs to advise them with regard to the coverage requirements of IRC § 414 and the tax risks of not covering the employees of Remodel Works and Plumbing Plus in the DBPP, and said Defendants owed a duty to Plaintiffs to advise them with regard to the tax risks associated with creating the 419(e) Plan and taking the tax deductions therefor.

151.    As a direct and proximate result of said actions, Plaintiffs have suffered damages in an amount to be determined as the time of trial.

### NINTH CLAIM FOR RELIEF

### SUPPLEMENTAL STATE CLAIM

### FOR VIOLATION OF UNFAIR COMPETITION ACT

### (Cal. Bus. & Prof. Code § 17200)

### (By All Plaintiffs Against All Defendants)

152.    Plaintiffs incorporate herein by reference paragraphs 1 through 32 and 98 through 151 as though they were fully set forth herein.

153.    Upon information and belief, Defendants have violated the Unfair Practices Act with regard to the 419(e) Plan by, among other activities, material misrepresentations and concealments alleged hereinabove and by:

a.    accepting secret and undisclosed payments and commissions or discounts, whether in the form of money or otherwise;

b.    jointly colluding with other such persons in the violation of the Unfair Practices Act under Cal. Bus. & Prof. Code § 17048;

/././

BUTTERFIELD
SCHECHTER
♦ LLP

00140521.WPD

- 31 -

COMPLAINT

c.    falsely advertising products and services by exaggeration, misleading, and false promises;

d.    falsely advising Plaintiffs that the Policies were appropriate and legally permissible for the 419(e) Plan;

e.    falsely representing that the Policies provided a permissible death benefit;

f.    falsely representing that the Policies would qualify under IRC § 419(e);

g.    falsely representing that the premiums for the Policies would be fully income tax deductible; and

h.    falsely representing that the Policies had an appropriate and legally permissible surrender charge.

154.    The above alleged acts or practices alleged in this Complaint and incorporated herein, which violate the Unfair Practices Act and, therefore, constitute an unlawful business act or practice within the meaning of Cal. Bus. & Prof. Code § 17200, were and are likely to mislead the general public in that Defendants represented and promoted that the Plan was a tax-qualified employee benefits plan, that it would have cash values higher than represented, and that the contributions would be fully income tax deductible. Such representations are false and are contrary to representations and promises made to induce participation in the 419(e) Plan and purchase of the Policies. The promised Policies do not and will not have the cash value as represented, the Plan is not tax qualified, and the premiums are not and will not be fully tax deductible.

155.    The unfair and/or fraudulent and unlawful business practices of Defendants are likely to continue and, therefore, will continue to mislead the public and present a continuing threat to the public.

156.    As a direct and proximate result of the Defendants' conduct, said Defendants have received and continue to receive ill-gotten gains, commissions, and contributions that rightfully belong to Plaintiffs, who were adversely affected and deceived by Defendants' conduct, as members of the general public.

/././

/././

BUTTERFIELD
SCHECHTER
♦ LLP

1    157.    Plaintiffs seek a permanent injunction pursuant to Cal. Bus. & Prof. Code § 17203

2    restraining and enjoining Defendants from continuing the acts of unfair competition set forth

3    hereinabove.

4    158.    Plaintiffs seek a preliminary injunction during the pendency of this action pursuant

5    to Cal. Bus. & Prof. Code § 17203 to enjoin and restrain Defendants from the acts of unfair

6    competition set forth above.

7    159.    As a further proximate result of the aforementioned wrongful conduct of Defendants,

8    Plaintiffs have been caused to suffer reasonable attorneys' fees together with costs of suit which

9    Plaintiffs are allowed to recover in an amount to be determined by the Court pursuant to Cal. Bus.

10    & Prof. Code § 17082.

11    160.    As a further proximate result of the aforementioned wrongful conduct of Defendants

12    in violation of the Unfair Practices Act, Plaintiffs are entitled to injunctive relief.

13    161.    As a further proximate result of the aforementioned wrongful conduct of Defendants

14    and pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs are entitled to seek restitution, including,

15    but not limited to, restitution of all money paid by Plaintiffs to Defendants as a result of the adoption

16    of the 419(e) Plan and as a result of purchasing the Policies and all profits earned by Defendants on

17    such money in an amount to be determined at the time of trial, but not less than the premiums paid

18    in the amount of $250,000.

19    162.    As a further proximate result of the aforementioned wrongful conduct of Defendants,

20    Plaintiffs are entitled to an award of mandatory treble damages at the rate of three times the actual

21    damages sustained by Plaintiffs without regard to malice, which amount will be proven at the time

22    of trial.

23                              **DEMAND FOR JURY TRIAL**

24    Plaintiffs hereby demand a jury trial pursuant to Rule 38 of the Federal Rules of Civil

25    Procedure on the claims a jury is permitted.

26    WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them under the

27    applicable actions above as follows:

28    /././

BUTTERFIELD
SCHECHTER
♦ LLP

1.     For a declaration that Plaintiffs are entitled to unwind all transactions with Defendants by surrendering all Policies issued by Defendants to Plaintiffs in exchange for the return of all premiums, expenses, fees, charges, and costs paid related to the Policies;

2.     To the extent the 419(e) Plan is a valid ERISA plan and subject to ERISA, for such other appropriate equitable relief to redress violations of ERISA or to enforce any provisions of ERISA or to redress violations of the 419(e) Plan or to enforce any terms of the Plan pursuant to 29 U.S.C. § 1132(a)(3);

3.     For a declaration that the 419(e) Plan and its Plan Sponsor, TJRK, are entitled to restitution of all amounts paid related to their transactions with and through INDIANAPOLIS LIFE, J. WAAGE, and PROVERBIAL INVESTMENTS, together with interest, penalties, other expenses, commissions, fees, and interest thereon, as provided by law, as a return of the premium and costs paid for the INDIANAPOLIS LIFE Policies insuring the Plan Participants;

4.     General damages to Plaintiffs for breach of fiduciary duty, fraud, and misrepresentation under ERISA in a sum to be determined at the time of trial;

5.     General damages to Plaintiffs for legal malpractice/negligence against S. WAAGE in a sum to be determined at the time of trial;

6.     General damages to Plaintiffs for professional negligence against JENSEN in a sum to be determined at the time of trial;

7.     General damages to Plaintiffs for common law breach of fiduciary duty, negligent misrepresentation, fraud, and deceit against Defendants in a sum to be determined at the time of trial;

8.     General damages to J. CHRISTENSON and P. CHRISTENSON for mental and emotional distress and other incidental damages in a sum to be determined at the time of trial;

9.     For restitution of the amount of premiums paid into the Policies and treble damages thereon;

10.    For any amount of increased taxes upon full recovery in this action that exceeds the amount of taxes Plaintiffs each would have paid during each of the years 2004 through 2007 had Plaintiffs not been induced to become involved with Defendants, in order that Plaintiffs be made whole;

BUTTERFIELD
SCHECHTER
◆ LLP

00140521.WPD

- 34 -

COMPLAINT

11.     For punitive and exemplary damages under the applicable state claims against Defendants in an amount appropriate to punish or set an example of Defendants;

12.     For prejudgment interest on all damages;

13.     For reasonable attorneys' fees and costs of suit incurred herein, including fees and costs pursuant to ERISA § 502(g); and

14.     For such other and further relief as the Court deems just and proper.

Dated: June 25 , 2008                    BUTTERFIELD SCHECHTER◆LLP


By:_____
SUSAN L. METER
Attorneys for Plaintiffs
E-mail: smeter@bsllp.com

JS 44 (Rev. 11/04)

# ORIGINAL CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

TJRK, INC., a California corporation;
JOSEPH CHRISTENSON, an individual; and
PATRICIA CHRISTENSON, an individual

## DEFENDANTS

SCOTT WAAGE, an individual; THE WAAGE LAW FIRM, a California professional corporation; JERRY WAAGE, an individual; PROVERBIAL INVESTMENTS, INC., an Iowa corporation; ROBERT JENSEN, an individual; INDIANAPOLIS LIFE INSURANCE COMPANY, an AMERUS COMPANY, nka AVIVA USA CORPORATION, an Iowa corporation; and DOES 1 through 100, incl.

**FILED**

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Butterfield Schechter LLP
10616 Scripps Summit Court, Suite 200
San Diego, CA 92131
(858) 444-2300

Attorneys (If Known)

**'08 CV 1140 JM RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities-Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities-Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 29 USC 1104, 1105, 1106, 1109, 1132(a)(2) & (3)

Brief description of cause: Violation of ERISA and supplemental state causes of action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ TBD at trial

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
6/25/08

SIGNATURE OF ATTORNEY OF RECORD
Susan L. Meter

FOR OFFICE USE ONLY

RECEIPT # 152304    AMOUNT $350    APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

CP    TAC  6/25/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 152304    — TC**

**June 25, 2008
15:57:14**

**Civ Fil Non-Pris**
USAO #.: 08CV1140
Judge..: JEFFREY T MILLER
Amount.:                    $350.00 CK
Check#.: BC11110

**Total—> $350.00**

FROM: TJRK INC
      VS
      SCOTT WAAGE ET AL.