1 | Michael T. Hornak (State Bar No. 81936)
  | mhornak@rutan.com
2 | Lisa N. Neal (State Bar No. 205465)
  | lneal@rutan.com
3 | RUTAN & TUCKER, LLP
  | 611 Anton Boulevard, Fourteenth Floor
4 | Costa Mesa, California 92626-1931
  | Telephone: 714-641-5100
5 | Facsimile:  714-546-9035

6 | Attorneys for Defendant and Counterclaimant
  | INDIANAPOLIS LIFE INSURANCE COMPANY
7 |

8 |             UNITED STATES DISTRICT COURT

9 |             SOUTHERN DISTRICT OF CALIFORNIA

10 |

| 11 | TJRK, INC., a California corporation; JOSEPH CHRISTENSON, an individual; | Case No. 08 CV 1140 JM RBB |
|---|---|---|
| 12 | and PATRICIA CHRISTENSON, an individual, | **DEFENDANT AND COUNTERCLAIMANT INDIANAPOLIS LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT; AND COUNTERCLAIM FOR:** |
| 13 | | |
| 14 | Plaintiffs, | |
| 15 | vs. | |
| 16 | SCOTT WAAGE, an individual; THE WAAGE LAW FIRM, a California professional corporation; JERRY | **1. BREACH OF CONTRACT; AND**<br>**2. INDEMNITY** |
| 17 | WAAGE, an individual; PROVERBIAL INVESTMENTS, INC., an Iowa | **DEMAND FOR JURY TRIAL** |
| 18 | corporation; ROBERT JENSEN, an individual; INDIANAPOLIS LIFE | Date Action Filed:    June 25, 2008 |
| 19 | INSURANCE COMPANY, an AMERUS COMPANY, nka AVIVA USA | Trial Date:                None Set |
| 20 | CORPORATION, an Iowa corporation; and DOES 1 through 100, inclusive, | |
| 21 | | |
| 22 | Defendants. | |
| 23 | AND RELATED COUNTERCLAIM. | |

24 |

25 |

26 | / / /

27 | / / /

28 | / / /

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

Defendant, Indianapolis Life Insurance Company ("Indianapolis Life"), for its Answer to the Complaint filed by Plaintiffs, states as follows:

## PRELIMINARY STATEMENT

1.    In answering paragraph 1 of the Complaint, Indianapolis Life admits that the Complaint purports to assert claims against the defendants as set forth therein.  Indianapolis Life otherwise denies the allegations set forth in paragraph 1 of the Complaint and expressly denies any and all liability to Plaintiffs based on the claims asserted in the Complaint.

2.    In answering paragraph 2 of the Complaint, Indianapolis Life admits that the Complaint purports to assert claims against the defendants as set forth therein.  Indianapolis Life otherwise denies the allegations set forth in paragraph 2 of the Complaint and expressly denies any and all liability to Plaintiffs based on the claims asserted in the Complaint.

3.    In answering paragraph 3 of the Complaint, Indianapolis Life admits that the Complaint purports to assert claims against the defendants as set forth therein.  Indianapolis Life otherwise denies the allegations set forth in paragraph 3 of the Complaint and expressly denies any and all liability to Plaintiffs based on the claims asserted in the Complaint.

4.    In answering paragraph 4 of the Complaint, Indianapolis Life admits that the Complaint purports to assert claims against the defendants as set forth therein.  Indianapolis Life otherwise denies the allegations set forth in paragraph 4 of the Complaint and expressly denies any and all liability to Plaintiffs based on the claims asserted in the Complaint.

5.    In answering paragraph 5 of the Complaint, Indianapolis Life admits that the Complaint purports to assert claims against the defendants as set forth therein.  Indianapolis Life otherwise denies the allegations set forth in paragraph 5 of the Complaint and expressly denies any and all liability to Plaintiffs based on the claims asserted in the Complaint.

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

-1-

1    6.    In answering paragraph 6 of the Complaint, Indianapolis Life admits
2  that the Plaintiffs seek damages and other remedies under ERISA as set forth
3  therein.  Indianapolis Life otherwise denies the allegations set forth in paragraph 6
4  of the Complaint and expressly denies that the Plaintiffs are entitled to any of the
5  legal and equitable relief sought in the Complaint.

6    7.    In answering paragraph 7 of the Complaint, Indianapolis Life admits
7  that the Plaintiffs seek damages and other remedies under traditional state law as set
8  forth therein.  Indianapolis Life otherwise denies the allegations set forth in
9  paragraph 7 of the Complaint and expressly denies that the Plaintiffs are entitled to
10  any of the legal and equitable relief sought in the Complaint.

11    8.    In answering paragraph 8 of the Complaint, Indianapolis Life admits
12  that Plaintiffs invoke this Court's jurisdiction pursuant to 19 U.S.C.
13  section 1132(e)(1), as to at least one claim, and under 28 U.S.C. section 1331, but
14  Indianapolis Life is otherwise without knowledge or information sufficient to form a
15  belief as to the truth of the remaining allegations set forth in paragraph 8 of the
16  Complaint and therefore neither admits nor denies the same.

17    9.    In answering paragraph 9 of the Complaint, Indianapolis Life admits
18  that venue is properly laid within the Southern District of California, but
19  Indianapolis Life is otherwise without knowledge or information sufficient to form a
20  belief as to the truth of the remaining allegations set forth in paragraph 9 of the
21  Complaint and therefore neither admits nor denies the same.

22    10.    In answering paragraph 10 of the Complaint, Indianapolis Life admits
23  that the records on file with the California Secretary of State indicate that TJRK,
24  Inc., is a California corporation but Indianapolis Life is otherwise without
25  knowledge or information sufficient to form a belief as to the truth of the remaining
26  allegations set forth in paragraph 10 of the Complaint and therefore neither admits
27  nor denies the same.

28    11.    Indianapolis Life is without knowledge or information sufficient to

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM
-2-

1  form a belief as to the truth of the allegations set forth in paragraph 11 of the

2  Complaint and therefore neither admits nor denies the same.

3      12.    Indianapolis Life is without knowledge or information sufficient to

4  form a belief as to the truth of the allegations set forth in paragraph 12 of the

5  Complaint and therefore neither admits nor denies the same.

6      13.    In answering paragraph 13 of the Complaint, Indianapolis Life states

7  that it is a wholly owned subsidiary of ILICO Holdings, Inc., an Indiana

8  corporation, which in turn is wholly owned by Aviva USA Corporation, an Iowa

9  corporation.  Indianapolis Life otherwise denies the allegations set forth in

10  paragraph 13 of the Complaint.

11     14.    Indianapolis Life is without knowledge or information sufficient to

12  form a belief as to the truth of the allegations set forth in paragraph 14 of the

13  Complaint and therefore neither admits nor denies the same.

14     15.    Indianapolis Life is without knowledge or information sufficient to

15  form a belief as to the truth of the allegations set forth in paragraph 15 of the

16  Complaint and therefore neither admits nor denies the same.

17     16.    Indianapolis Life is without knowledge or information sufficient to

18  form a belief as to the truth of the allegations set forth in paragraph 16 of the

19  Complaint and therefore neither admits nor denies the same.

20     17.    In answering paragraph 17 of the Complaint, Indianapolis Life admits

21  that defendant Proverbial Investments, Inc. is an Iowa corporation and that

22  defendant Joseph Waage was or is an employee or agent of Proverbial Investments,

23  Inc.  Indianapolis Life is otherwise without knowledge or information sufficient to

24  form a belief as to the truth of the remaining allegations set forth in paragraph 17 of

25  the Complaint and therefore neither admits nor denies the same.

26     18.    Indianapolis Life is without knowledge or information sufficient to

27  form a belief as to the truth of the allegations set forth in paragraph 18 of the

28  Complaint and therefore neither admits nor denies the same.

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08
ANSWER TO COMPLAINT; AND
COUNTERCLAIM
-3-

19.    Indianapolis Life is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint regarding the "Defendant Does 1 through 100" and, therefore, neither admits nor denies the same. Indianapolis Life otherwise denies the remaining allegations set forth in paragraph 19 of the Complaint.

20.    In answering paragraph 20 of the Complaint, Indianapolis Life admits that Jerry Waage was an independent contractor insurance agent of Indianapolis Life for the limited purpose of selling certain policies of life insurance at certain times relevant to the Complaint. Except as so expressly admitted or alleged, Indianapolis Life denies the allegations set forth in paragraph 20 of the Complaint.

21.    Indianapolis Life is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint and therefore neither admits nor denies the same.

22.    Indianapolis Life is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint and therefore neither admits nor denies the same. Further answering, Indianapolis Life states that to the extent Scott Waage advised Plaintiffs as alleged, such advice was given in his capacity as a licensed California attorney and not as an agent for Indianapolis Life.

23.    Indianapolis Life is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint and therefore neither admits nor denies the same. Further answering, Indianapolis Life states that to the extent Scott Waage advised Plaintiffs as alleged, such advice was given in his capacity as a licensed California attorney and not as an agent for Indianapolis Life.

24.    Indianapolis Life is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint and therefore neither admits nor denies the same.

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM
-4-

1    25.    Indianapolis Life is without knowledge or information sufficient to
2  form a belief as to the truth of the allegations set forth in paragraph 25 of the
3  Complaint and therefore neither admits nor denies the same.

4    26.    Indianapolis Life is without knowledge or information sufficient to
5  form a belief as to the truth of the allegations set forth in paragraph 26 of the
6  Complaint and therefore neither admits nor denies the same. Further answering,
7  Indianapolis Life states that to the extent Scott Waage advised Plaintiffs as alleged,
8  such advice was given in his capacity as a licensed California attorney and not as an
9  agent for Indianapolis Life.

10    27.    Indianapolis Life denies the claims and allegations set forth in
11 paragraph 27 of the Complaint.

12    28.    Indianapolis Life is without knowledge or information sufficient to
13 form a belief as to the truth of the allegations set forth in paragraph 28 of the
14 Complaint and therefore neither admits nor denies the same. Further answering,
15 Indianapolis Life states that to the extent Scott Waage advised Plaintiffs as alleged,
16 such advice was given in his capacity as a licensed California attorney and not as an
17 agent for Indianapolis Life.

18    29.    In answering paragraph 29 of the Complaint, Indianapolis Life states
19 that it issued a Vista Select Series II whole life policy, Policy No. IL00268030, with
20 an issue date of January 14, 2005, insuring the life of Joseph Christenson and
21 naming the TJRK, Inc. 419(e) Welfare Benefit Plan as both the beneficiary and
22 owner of such policy. Further answering, Indianapolis Life states that it issued a
23 Vista Select Series II whole life policy, Policy No. IL00268020, with an issue date
24 of January 14, 2005, insuring the life of Patricia Christenson and naming the TJRK,
25 Inc. 419(e) Welfare Benefit Plan as both the beneficiary and owner of such policy.
26 Indianapolis Life is otherwise without knowledge or information sufficient to form a
27 belief as to the truth of the allegations set forth in paragraph 29 of the Complaint and
28 therefore neither admits nor denies the same.

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08                                                                    -5-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

1    30.    In answering paragraph 30 of the Complaint, Indianapolis Life states

2    that it received the first annual premium payments on Policy No. IL00268020 and

3    Policy No. IL00268030, in the amount of $125,000.00 each, on or about January 13,

4    2005.  Indianapolis Life is otherwise without knowledge or information sufficient to

5    form a belief as to the truth of the allegations set forth in paragraph 30 of the

6    Complaint and therefore neither admits nor denies the same.

7    31.    Indianapolis Life is without knowledge or information sufficient to

8    form a belief as to the truth of the allegations set forth in paragraph 31 of the

9    Complaint and therefore neither admits nor denies the same.  Further answering,

10   Indianapolis Life states that to the extent Scott Waage advised Plaintiffs as alleged,

11   such advice was given in his capacity as a licensed California attorney and not as an

12   agent for Indianapolis Life.

13   32.    Indianapolis Life is without knowledge or information sufficient to

14   form a belief as to the truth of the allegations set forth in paragraph 32 of the

15   Complaint and therefore neither admits nor denies the same.

16   **FIDUCIARY STATUS OF DEFENDANTS**

17   33.    Indianapolis Life denies the allegations set forth in paragraph 33 of the

18   Complaint.

19   34.    Indianapolis Life denies the allegations set forth in paragraph 34 of the

20   Complaint.

21   35.    In answering paragraph 35 of the Complaint, Indianapolis Life states

22   that the allegations set forth therein consist of arguments and legal conclusions

23   rather than proper averments and, therefore, no response is required.  To the extent a

24   response is required, Indianapolis Life expressly denies the allegations set forth in

25   paragraph 35 of the Complaint.

26   36.    In answering paragraph 36 of the Complaint, Indianapolis Life states

27   that the allegations set forth therein consist of arguments and legal conclusions

28   rather than proper averments and, therefore, no response is required.  To the extent a

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08                    -6-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

1 | response is required, Indianapolis Life expressly denies the allegations set forth in
2 | paragraph 36 of the Complaint.

3 |     37.   In answering paragraph 37 of the Complaint, Indianapolis Life states
4 | that the allegations set forth therein consist of arguments and legal conclusions
5 | rather than proper averments and, therefore, no response is required.  To the extent a
6 | response is required, Indianapolis Life expressly denies the allegations set forth in
7 | paragraph 37 of the Complaint.

8 |     38.   In answering paragraph 38 of the Complaint, Indianapolis Life states
9 | that the allegations set forth therein consist of arguments and legal conclusions
10 | rather than proper averments and, therefore, no response is required.  To the extent a
11 | response is required, Indianapolis Life expressly denies the allegations set forth in
12 | paragraph 38 of the Complaint.

13 |     39.   Indianapolis Life denies the allegations set forth in paragraph 39 of the
14 | Complaint to the extent they are directed at Indianapolis Life.  Indianapolis Life is
15 | otherwise without knowledge or information sufficient to form a belief as to the
16 | truth of the allegations set forth in paragraph 39 of the Complaint and therefore
17 | neither admits nor denies the same.

18 |     40.   In answering paragraph 40 of the Complaint, Indianapolis Life states
19 | that the allegations set forth therein consist of arguments and legal conclusions
20 | rather than proper averments and, therefore, no response is required.  To the extent a
21 | response is required, Indianapolis Life expressly denies the allegations set forth in
22 | paragraph 40 of the Complaint.

23 |     41.   In answering paragraph 41 of the Complaint, Indianapolis Life states
24 | that the allegations set forth therein consist of arguments and legal conclusions
25 | rather than proper averments and, therefore, no response is required.  To the extent a
26 | response is required, Indianapolis Life states that it is without knowledge or
27 | information sufficient to form a belief as to the truth of the allegations set forth in
28 | paragraph 41 of the Complaint and therefore neither admits nor denies the same.

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

-7-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

42.    In answering paragraph 42 of the Complaint, Indianapolis Life states that the allegations set forth therein consist of arguments and legal conclusions rather than proper averments and, therefore, no response is required.  To the extent a response is required, Indianapolis Life states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint and therefore neither admits nor denies the same.

## FIRST ALLEGED CLAIM FOR RELIEF

### RESCISSION AND UNWINDING OF THE TRANSACTIONS AND RESTORATION OF ALL AMOUNTS PAID BY PLAINTIFFS TO DEFENDANTS ERISA §§ 502(a)(2) and 502(a)(3) for Appropriate Relief Under ERISA § 409

(By All Plaintiffs Against Defendants J. WAAGE, PROVERBIAL INVESTMENTS, and INDIANAPOLIS LIFE)]

43.    Indianapolis Life incorporates by reference paragraphs 1 through 42 of this Answer in response to the allegations contained in paragraph 43 of the Complaint.

44.    In answering paragraph 44 of the Complaint, Indianapolis Life states that the allegations set forth therein consist of arguments and legal conclusions rather than proper averments and, therefore, no response is required.  To the extent a response is required, Indianapolis Life denies the allegations set forth in paragraph 44 of the Complaint.

45.    In answering paragraph 45 of the Complaint, Indianapolis Life states that the allegations set forth therein consist of arguments and legal conclusions rather than proper averments and, therefore, no response is required.  To the extent a response is required, Indianapolis Life denies the allegations set forth in paragraph 45 of the Complaint.

46.    In answering paragraph 46 of the Complaint, Indianapolis Life states that the allegations set forth therein consist of arguments and legal conclusions rather than proper averments and, therefore, no response is required.  To the extent a

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08                                        -8-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

1 | response is required, Indianapolis Life denies the allegations set forth in
2 | paragraph 46 of the Complaint.

3 |     47.    In answering paragraph 47 of the Complaint, Indianapolis Life states
4 | that the allegations set forth therein consist of arguments and legal conclusions
5 | rather than proper averments and, therefore, no response is required.  To the extent a
6 | response is required, Indianapolis Life denies the allegations set forth in
7 | paragraph 47 of the Complaint.

8 |     48.    Indianapolis Life denies the allegations set forth in paragraph 48 of the
9 | Complaint to the extent they are directed at Indianapolis Life.  Indianapolis Life is
10 | otherwise without knowledge or information sufficient to form a belief as to the
11 | truth of the allegations set forth in paragraph 48 of the Complaint and, based
12 | thereon, denies the remaining allegations of paragraph 48 of the Complaint.

13 |     49.    Indianapolis Life denies the allegations set forth in paragraph 49 of the
14 | Complaint to the extent they are directed at Indianapolis Life.  Indianapolis Life is
15 | otherwise without knowledge or information sufficient to form a belief as to the
16 | truth of the allegations set forth in paragraph 49 of the Complaint and, based
17 | thereon, denies the remaining allegations of paragraph 49 of the Complaint.

18 |     50.    In answering paragraph 50 of the Complaint, Indianapolis Life states
19 | that the allegations set forth therein consist of arguments and legal conclusions
20 | rather than proper averments and, therefore, no response is required.  To the extent a
21 | response is required, Indianapolis Life denies the allegations set forth in
22 | paragraph 50 of the Complaint.

23 |     51.    In answering paragraph 51 of the Complaint, Indianapolis Life states
24 | that the allegations set forth therein consist of arguments and legal conclusions
25 | rather than proper averments and, therefore, no response is required.  To the extent a
26 | response is required, Indianapolis Life denies the allegations set forth in
27 | paragraph 51 of the Complaint.

28 |     52.    In answering paragraph 52 of the Complaint, Indianapolis Life admits

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

-9-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

1    that Jerry Waage was an independent contractor insurance agent of Indianapolis Life

2    for the limited purpose of selling certain policies of life insurance at certain times

3    relevant to the Complaint.  Except as so expressly admitted or alleged, Indianapolis

4    Life denies the allegations set forth in paragraph 52 of the Complaint.

5        53.     In answering paragraph 53 of the Complaint, Indianapolis Life states

6    that the allegations set forth therein consist primarily of arguments and legal

7    conclusions rather than proper averments and, therefore, no response is required.  To

8    the extent a response is required, Indianapolis Life denies the allegations set forth in

9    paragraph 53 of the Complaint.

10       54.     Indianapolis Life denies the allegations set forth in paragraph 54 of the

11    Complaint to the extent they are directed at Indianapolis Life.  Indianapolis Life is

12    otherwise without knowledge or information sufficient to form a belief as to the

13    truth of the allegations set forth in paragraph 54 of the Complaint and, based

14    thereon, denies the remaining allegations of paragraph 54 of the Complaint.

15       55.     Indianapolis Life denies the allegations set forth in paragraph 55 of the

16    Complaint.

17       56.     In answering paragraph 56 of the Complaint, Indianapolis Life states

18    that the allegations set forth therein consist primarily of arguments and legal

19    conclusions rather than proper averments and, therefore, no response is required.  To

20    the extent a response is required, Indianapolis Life denies the allegations set forth in

21    paragraph 56 of the Complaint.

22       57.     In answering paragraph 57 of the Complaint, Indianapolis Life states

23    that the allegations set forth therein consist primarily of arguments and legal

24    conclusions rather than proper averments and, therefore, no response is required.  To

25    the extent a response is required, Indianapolis Life denies the allegations set forth in

26    paragraph 57 of the Complaint.

27       58.     In answering paragraph 58 of the Complaint, Indianapolis Life states

28    that the allegations set forth therein consist primarily of arguments and legal

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08
ANSWER TO COMPLAINT; AND
COUNTERCLAIM
-10-

1  conclusions rather than proper averments and, therefore, no response is required.  To

2  the extent a response is required, Indianapolis Life denies the allegations set forth in

3  paragraph 58 of the Complaint.

4        59.    In answering paragraph 59 of the Complaint, Indianapolis Life states

5  that the allegations set forth therein consist primarily of arguments and legal

6  conclusions rather than proper averments and, therefore, no response is required.  To

7  the extent a response is required, Indianapolis Life denies the allegations set forth in

8  paragraph 59 of the Complaint.

9        60.    Indianapolis Life denies the allegations set forth in paragraph 60 of the

10  Complaint.

11        61.    In answering paragraph 61 of the Complaint, Indianapolis Life states

12  that the allegations set forth therein consist primarily of arguments and legal

13  conclusions rather than proper averments and, therefore, no response is required.  To

14  the extent a response is required, Indianapolis Life denies the allegations set forth in

15  paragraph 61 of the Complaint.

16        62.    In answering paragraph 62 of the Complaint, Indianapolis Life states

17  that the allegations set forth therein consist primarily of arguments and legal

18  conclusions rather than proper averments and, therefore, no response is required.  To

19  the extent a response is required, Indianapolis Life denies the allegations set forth in

20  paragraph 62 of the Complaint.

21        63.    In answering paragraph 63 of the Complaint, Indianapolis Life states

22  that the allegations set forth therein consist primarily of arguments and legal

23  conclusions rather than proper averments and, therefore, no response is required.

24  Notwithstanding that no response is required, Indianapolis Life states that Plaintiffs

25  are not entitled to a restoration of the premiums paid on Policy No. IL00268020 and

26  Policy No. IL00268030.  To the extent a further response is required, Indianapolis

27  Life denies the allegations set forth in paragraph 63 of the Complaint.

28        64.    In answering paragraph 64 of the Complaint, Indianapolis Life admits

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

-11-

1  that Plaintiffs desire a judicial determination as stated therein, but Indianapolis Life

2  otherwise denies the allegations set forth in paragraph 64 of the Complaint.

3     65.    Indianapolis Life denies the allegations set forth in paragraph 65 of the

4  Complaint.

5     66.    Indianapolis Life denies the allegations set forth in paragraph 66 of the

6  Complaint.

7     67.    Indianapolis Life denies the allegations set forth in paragraph 67 of the

8  Complaint.

9                    **SECOND ALLEGED CLAIM FOR RELIEF**

10  **BREACH OF FIDUCIARY DUTY, FRAUD, AND MISREPRESENTATION
    UNDER ERISA 29 U.S.C. §§ 1104, 1105(A), 1106(A), 1109(A) AND 1132(a)(2)**

11                    **& (3) for Appropriate Relief**

12  (By All Plaintiffs Against Defendants INDIANAPOLIS LIFE, J. WAAGE, and
                    PROVERBIAL INVESTMENTS)

13

14     68.    Indianapolis Life incorporates by reference paragraphs 1 through 67 of

15  this Answer in response to the allegations contained in paragraph 68 of the

16  Complaint.

17     69.    In answering paragraph 69 of the Complaint, Indianapolis Life states

18  that the allegations set forth therein consist of arguments and legal conclusions

19  rather than proper averments and, therefore, no response is required.  To the extent a

20  response is required, Indianapolis Life denies the allegations set forth in

21  paragraph 69 of the Complaint.

22     70.    In answering paragraph 70 of the Complaint, Indianapolis Life states

23  that the allegations set forth therein consist of arguments and legal conclusions

24  rather than proper averments and, therefore, no response is required.  To the extent a

25  response is required, Indianapolis Life denies the allegations set forth in

26  paragraph 70 of the Complaint.

27     71.    In answering paragraph 71 of the Complaint, Indianapolis Life states

28  that the allegations set forth therein consist of arguments and legal conclusions

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08
ANSWER TO COMPLAINT; AND
COUNTERCLAIM
-12-

1  rather than proper averments and, therefore, no response is required.  To the extent a
2  response is required, Indianapolis Life denies the allegations set forth in
3  paragraph 71 of the Complaint.

4      72.    In answering paragraph 72 of the Complaint, Indianapolis Life states
5  that the allegations set forth therein consist of arguments and legal conclusions
6  rather than proper averments and, therefore, no response is required.  To the extent a
7  response is required, Indianapolis Life denies the allegations set forth in
8  paragraph 72 of the Complaint.

9      73.    In answering paragraph 73 of the Complaint, Indianapolis Life states
10 that the allegations set forth therein consist of arguments and legal conclusions
11 rather than proper averments and, therefore, no response is required.  To the extent a
12 response is required, Indianapolis Life denies the allegations set forth in
13 paragraph 73 of the Complaint.

14     74.    In answering paragraph 74 of the Complaint, Indianapolis Life states
15 that the allegations set forth therein consist of arguments and legal conclusions
16 rather than proper averments and, therefore, no response is required.  To the extent a
17 response is required, Indianapolis Life denies the allegations set forth in
18 paragraph 74 of the Complaint.

19     75.    In answering paragraph 75 of the Complaint, Indianapolis Life states
20 that the allegations set forth therein consist of arguments and legal conclusions
21 rather than proper averments and, therefore, no response is required.  To the extent a
22 response is required, Indianapolis Life denies the allegations set forth in
23 paragraph 75 of the Complaint.

24     76.    In answering paragraph 76 of the Complaint, Indianapolis Life states
25 that the allegations set forth therein consist of arguments and legal conclusions
26 rather than proper averments and, therefore, no response is required.  To the extent a
27 response is required, Indianapolis Life denies the allegations set forth in
28 paragraph 76 of the Complaint.

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM
-13-

1    77.    In answering paragraph 77 of the Complaint, Indianapolis Life states
2  that the allegations set forth therein consist of arguments and legal conclusions
3  rather than proper averments and, therefore, no response is required.  To the extent a
4  response is required, Indianapolis Life denies the allegations set forth in
5  paragraph 77 of the Complaint.

6    78.    In answering paragraph 78 of the Complaint, Indianapolis Life states
7  that the allegations set forth therein consist of arguments and legal conclusions
8  rather than proper averments and, therefore, no response is required.  To the extent a
9  response is required, Indianapolis Life denies the allegations set forth in
10  paragraph 78 of the Complaint.

11    79.    In answering paragraph 79 of the Complaint, Indianapolis Life states
12  that the allegations set forth therein consist of arguments and legal conclusions
13  rather than proper averments and, therefore, no response is required.  To the extent a
14  response is required, Indianapolis Life denies the allegations set forth in
15  paragraph 79 of the Complaint.

16    80.    In answering paragraph 80 of the Complaint, Indianapolis Life states
17  that the allegations set forth therein consist of arguments and legal conclusions
18  rather than proper averments and, therefore, no response is required.  To the extent a
19  response is required, Indianapolis Life denies the allegations set forth in
20  paragraph 80 of the Complaint.

21    81.    Indianapolis Life denies the allegations set forth in paragraph 81 of the
22  Complaint.

23    82.    Indianapolis Life denies the allegations set forth in paragraph 82 of the
24  Complaint.

25    83.    Indianapolis Life denies the allegations set forth in paragraph 83 of the
26  Complaint.

27    84.    Indianapolis Life denies the allegations set forth in paragraph 84 of the
28  Complaint and all sub-parts therein.

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM
-14-

85.     Indianapolis Life denies the allegations set forth in paragraph 85 of the Complaint.

86.     Indianapolis Life denies the allegations set forth in paragraph 86 of the Complaint and all sub-parts therein.

87.     Indianapolis Life denies the allegations set forth in paragraph 87 of the Complaint, and denies that Plaintiffs have been damaged in any amount as a result of the conduct of Indianapolis Life.

88.     Indianapolis Life denies the allegations set forth in paragraph 88 of the Complaint.

## THIRD ALLEGED CLAIM FOR RELIEF

### RESCISSION AND UNWINDING OF THE TRANSACTIONS AND RESTORATION OF ALL AMOUNTS PAID BY PLAINTIFFS TO DEFENDANTS

### ERISA §§ 502(a)(3) for Appropriate Relief for Violation of ERISA § 406(a)

(By All Plaintiffs Against Defendants J INDIANAPOLIS LIFE, S. WAAGE, WAAGE Firm, J. WAAGE, and PROVERBIAL INVESTMENTS)

89.     Indianapolis Life incorporates by reference paragraphs 1 through 88 of this Answer in response to the allegations contained in paragraph 89 of the Complaint.

90.     In answering paragraph 90 of the Complaint, Indianapolis Life states that the allegations set forth therein consist of arguments and legal conclusions rather than proper averments and, therefore, no response is required. To the extent a response is required, Indianapolis Life denies the allegations set forth in paragraph 90 of the Complaint.

91.     In answering paragraph 91 of the Complaint, Indianapolis Life states that the allegations set forth therein consist of arguments and legal conclusions rather than proper averments and, therefore, no response is required. To the extent a response is required, Indianapolis Life denies the allegations set forth in paragraph 91 of the Complaint.

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08                                    -15-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

92.    Indianapolis Life denies the allegations of paragraph 92 of the Complaint.

93.    Indianapolis Life denies the allegations set forth in paragraph 93 of the Complaint to the extent they are directed at Indianapolis Life. Indianapolis Life is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint and, based thereon, denies every remaining allegation in paragraph 93 of the Complaint.

94.    Indianapolis Life denies the allegations set forth in paragraph 94 of the Complaint to the extent they are directed at Indianapolis Life. Indianapolis Life is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint and, based thereon, denies every remaining allegation in paragraph 94 of the Complaint.

95.    Indianapolis Life denies the allegations set forth in paragraph 95 of the Complaint.

96.    Indianapolis Life denies the allegations set forth in paragraph 96 of the Complaint.

97.    Indianapolis Life denies the allegations set forth in paragraph 97 of the Complaint.

**FOURTH ALLEGED CLAIM FOR RELIEF**

**SUPPLEMENTAL/PENDANT STATE CLAIM**

**FOR PRE-PLAN NEGLIGENT MISREPRESENTATION**

(By All Plaintiffs Against Defendants J INDIANAPOLIS LIFE, S. WAAGE, WAAGE Firm, J. WAAGE, PROVERBIAL INVESTMENTS, and ROBERT JENSON)

98.    Indianapolis Life incorporates by reference paragraphs 1 through 32 of this Answer in response to the allegations contained in paragraph 98 of the Complaint.

99.    In answering paragraph 99 of the Complaint, Indianapolis Life states that the allegations set forth therein consist primarily of arguments and legal

1  conclusions rather than proper averments and, therefore, no response is required. To

2  the extent a response is required, Indianapolis Life denies the allegations set forth in

3  paragraph 99 of the Complaint.

4       100.  Indianapolis Life denies the allegations set forth in paragraph 100 of

5  the Complaint.

6       101.  Indianapolis Life denies the allegations set forth in paragraph 101 of

7  the Complaint.

8       102.  Indianapolis Life denies the allegations set forth in paragraph 102 of

9  the Complaint.

10       103.  Indianapolis Life denies the allegations set forth in paragraph 103 of

11  the Complaint.

12       104.  Indianapolis Life denies the allegations set forth in paragraph 104 of

13  the Complaint.

14       105.  Indianapolis Life denies the allegations set forth in paragraph 105 of

15  the Complaint.

16       106.  In answering paragraph 106 of the Complaint, Indianapolis Life admits

17  that it was "not an ERISA fiduciary with respect to the sale of the Policies." Further

18  answering, Indianapolis Life states that the allegations set forth in paragraph 106

19  consist primarily of arguments and legal conclusions rather than proper averments

20  and, therefore, no response is required. To the extent a response is required,

21  Indianapolis Life denies the remaining allegations set forth in paragraph 106 of the

22  Complaint.

23       107.  Indianapolis Life denies the allegations set forth in paragraph 107 of

24  the Complaint.

25       108.  Indianapolis Life denies the allegations set forth in paragraph 108 of

26  the Complaint.

27  / / /

28  / / /

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

-17-

## FIFTH ALLEGED CLAIM FOR RELIEF

### SUPPLEMENTAL/PENDANT STATE CLAIM ALTERNATIVELY FOR DAMAGES AND/OR RESCISSION BASED ON PRE-PLAN COMMON LAW FRAUD, DECEIT, CONCEALMENT, AND MISREPRESENTATION AND FRAUDULENT ACTS BY AGENTS

(By All Plaintiffs Against All Defendants)

109.   Indianapolis Life incorporates by reference paragraphs 1 through 32 and 98 through 108 of this Answer in response to the allegations contained in paragraph 109 of the Complaint.

110.   Indianapolis Life denies the allegations set forth in paragraph 110 of the Complaint.

111.   In answering paragraph 111 of the Complaint, Indianapolis Life states that the allegations set forth therein consist primarily of arguments and legal conclusions rather than proper averments and, therefore, no response is required.  To the extent a response is required, Indianapolis Life denies the allegations set forth in paragraph 111 of the Complaint and all sub-parts therein.

112.   Indianapolis Life denies the allegations set forth in paragraph 112 of the Complaint.

113.   Indianapolis Life denies the allegations set forth in paragraph 113 of the Complaint.

114.   Indianapolis Life denies the allegations set forth in paragraph 114 of the Complaint.

115.   Indianapolis Life denies the allegations set forth in paragraph 115 of the Complaint.

116.   In answering paragraph 116 of the Complaint, Indianapolis Life states that the allegations set forth therein consist primarily of arguments and legal conclusions rather than proper averments and, therefore, no response is required.  To the extent a response is required, Indianapolis Life denies the allegations set forth in paragraph 116 of the Complaint and all sub-parts therein.

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

-18-

117. Indianapolis Life denies the allegations set forth in paragraph 117 of the Complaint.

118. Indianapolis Life denies the allegations set forth in paragraph 118 of the Complaint.

119. Indianapolis Life denies the allegations set forth in paragraph 119 of the Complaint.

120. Indianapolis Life denies the allegations set forth in paragraph 120 of the Complaint.

121. Indianapolis Life denies the allegations set forth in paragraph 121 of the Complaint.

122. Indianapolis Life denies the allegations set forth in paragraph 122 of the Complaint.

123. Indianapolis Life denies the allegations set forth in paragraph 123 of the Complaint.

124. Indianapolis Life denies the allegations set forth in paragraph 124 of the Complaint.

## SIXTH ALLEGED CLAIM FOR RELIEF

## SUPPLEMENTAL STATE CLAIM FOR LEGAL MALPRACTICE

(By All Plaintiffs Against Defendants S. WAAGE AND WAAGE FIRM)

125. Indianapolis Life incorporates by reference paragraphs 1 through 32 and 98 through 124 of this Answer in response to the allegations contained in paragraph 125 of the Complaint.

126. The allegations contained in paragraphs 126 of the Complaint are not directed at Indianapolis Life, but to the extent such allegations may be deemed to be directed at Indianapolis Life, Indianapolis Life denies the same.

127. The allegations contained in paragraphs 127 of the Complaint are not directed at Indianapolis Life, but to the extent such allegations may be deemed to be directed at Indianapolis Life, Indianapolis Life denies the same.

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

-19-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

128.   The allegations contained in paragraphs 128 of the Complaint are not directed at Indianapolis Life, but to the extent such allegations may be deemed to be directed at Indianapolis Life, Indianapolis Life denies the same.

129.   The allegations contained in paragraphs 129 of the Complaint are not directed at Indianapolis Life, but to the extent such allegations may be deemed to be directed at Indianapolis Life, Indianapolis Life denies the same.

130.   The allegations contained in paragraphs 130 of the Complaint are not directed at Indianapolis Life, but to the extent such allegations may be deemed to be directed at Indianapolis Life, Indianapolis Life denies the same.

131.   The allegations contained in paragraphs 131 of the Complaint are not directed at Indianapolis Life, but to the extent such allegations may be deemed to be directed at Indianapolis Life, Indianapolis Life denies the same.

132.   The allegations contained in paragraphs 132 of the Complaint are not directed at Indianapolis Life, but to the extent such allegations may be deemed to be directed at Indianapolis Life, Indianapolis Life denies the same.

133.   The allegations contained in paragraphs 133 of the Complaint are not directed at Indianapolis Life, but to the extent such allegations may be deemed to be directed at Indianapolis Life, Indianapolis Life denies the same.

134.   The allegations contained in paragraphs 134 of the Complaint are not directed at Indianapolis Life, but to the extent such allegations may be deemed to be directed at Indianapolis Life, Indianapolis Life denies the same.

## SEVENTH ALLEGED CLAIM FOR RELIEF

## SUPPLEMENTAL STATE CLAIM FOR PROFESSINAL MALPRACTICE

(By All Plaintiffs Against Defendants WAAGE FIRM and JENSEN)

135.   Indianapolis Life incorporates by reference paragraphs 1 through 32 and 98 through 134 of this Answer in response to the allegations contained in paragraph 135 of the Complaint.

136.   The allegations contained in paragraphs 136 of the Complaint are not

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08
ANSWER TO COMPLAINT; AND
COUNTERCLAIM
-20-

1  directed at Indianapolis Life, but to the extent such allegations may be deemed to be
2  directed at Indianapolis Life, Indianapolis Life denies the same.

3      137.    The allegations contained in paragraphs 137 of the Complaint are not
4  directed at Indianapolis Life, but to the extent such allegations may be deemed to be
5  directed at Indianapolis Life, Indianapolis Life denies the same.

6      138.    The allegations contained in paragraphs 138 of the Complaint are not
7  directed at Indianapolis Life, but to the extent such allegations may be deemed to be
8  directed at Indianapolis Life, Indianapolis Life denies the same.

9      139.    The allegations contained in paragraphs 139 of the Complaint are not
10  directed at Indianapolis Life, but to the extent such allegations may be deemed to be
11  directed at Indianapolis Life, Indianapolis Life denies the same.

12      140.    The allegations contained in paragraphs 140 of the Complaint are not
13  directed at Indianapolis Life, but to the extent such allegations may be deemed to be
14  directed at Indianapolis Life, Indianapolis Life denies the same.

15      141.    The allegations contained in paragraphs 141 of the Complaint are not
16  directed at Indianapolis Life, but to the extent such allegations may be deemed to be
17  directed at Indianapolis Life, Indianapolis Life denies the same.

18      142.    The allegations contained in paragraphs 142 of the Complaint are not
19  directed at Indianapolis Life, but to the extent such allegations may be deemed to be
20  directed at Indianapolis Life, Indianapolis Life denies the same.

21      143.    The allegations contained in paragraphs 143 of the Complaint are not
22  directed at Indianapolis Life, but to the extent such allegations may be deemed to be
23  directed at Indianapolis Life, Indianapolis Life denies the same.

24      144.    The allegations contained in paragraphs 144 of the Complaint are not
25  directed at Indianapolis Life, but to the extent such allegations may be deemed to be
26  directed at Indianapolis Life, Indianapolis Life denies the same.

27  / / /
28  / / /

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08                                    -21-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

1

## EIGHTH ALLEGED CLAIM FOR RELIEF

2

## SUPPLEMENTAL STATE CLAIM FOR PROFESSINAL MALPRACTICE

3

(By All Plaintiffs Against Defendants WAAGE FIRM and JENSEN)

4      145.   Indianapolis Life incorporates by reference paragraphs 1 through 32
5 and 98 through 144 of this Answer in response to the allegations contained in
6 paragraph 145 of the Complaint.

7      146.   The allegations contained in paragraphs 146 of the Complaint are not
8 directed at Indianapolis Life, but to the extent such allegations may be deemed to be
9 directed at Indianapolis Life, Indianapolis Life denies the same.

10      147.   The allegations contained in paragraphs 147 of the Complaint are not
11 directed at Indianapolis Life, but to the extent such allegations may be deemed to be
12 directed at Indianapolis Life, Indianapolis Life denies the same.

13      148.   The allegations contained in paragraphs 148 of the Complaint are not
14 directed at Indianapolis Life, but to the extent such allegations may be deemed to be
15 directed at Indianapolis Life, Indianapolis Life denies the same.

16      149.   The allegations contained in paragraphs 149 of the Complaint are not
17 directed at Indianapolis Life, but to the extent such allegations may be deemed to be
18 directed at Indianapolis Life, Indianapolis Life denies the same.

19      150.   The allegations contained in paragraphs 150 of the Complaint are not
20 directed at Indianapolis Life, but to the extent such allegations may be deemed to be
21 directed at Indianapolis Life, Indianapolis Life denies the same.

22      151.   The allegations contained in paragraphs 151 of the Complaint are not
23 directed at Indianapolis Life, but to the extent such allegations may be deemed to be
24 directed at Indianapolis Life, Indianapolis Life denies the same.

25 / / /

26 / / /

27 / / /

28 / / /

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

-22-

1

## NINTH ALLEGED CLAIM FOR RELIEF

2

## SUPPLEMENTAL STATE CLAIM FOR VIOLATION OF UNFAIR COMPETITION ACT (Cal. Bus. & Prof. Code § 17200)

3

(By All Plaintiffs Against All Defendants)

4

5      152.    Indianapolis Life incorporates by reference paragraphs 1 through 32

6   and 98 through 151 of this Answer in response to the allegations contained in

7   paragraph 152 of the Complaint.

8      153.    Indianapolis Life denies the allegations set forth in paragraph 153 of

9   the Complaint and all sub-parts therein.

10      154.    Indianapolis Life denies the allegations set forth in paragraph 154 of

11   the Complaint and all sub-parts therein.

12      155.    Indianapolis Life denies the allegations set forth in paragraph 155 of

13   the Complaint and all sub-parts therein.

14      156.    Indianapolis Life denies the allegations set forth in paragraph 156 of

15   the Complaint and all sub-parts therein.

16      157.    In answering paragraph 157 of the Complaint, Indianapolis Life admits

17   that Plaintiffs seek the injunctive relief as stated therein, but Indianapolis Life

18   otherwise denies the allegations set forth in paragraph 157 of the Complaint.

19      158.    In answering paragraph 158 of the Complaint, Indianapolis Life admits

20   that Plaintiffs seek the injunctive relief as stated therein, but Indianapolis Life

21   otherwise denies the allegations set forth in paragraph 158 of the Complaint.

22      159.    Indianapolis Life denies the allegations set forth in paragraph 159 of

23   the Complaint and all sub-parts therein.

24      160.    Indianapolis Life denies the allegations set forth in paragraph 160 of

25   the Complaint and all sub-parts therein.

26      161.    Indianapolis Life denies the allegations set forth in paragraph 161 of

27   the Complaint and all sub-parts therein.

28      162.    Indianapolis Life denies the allegations set forth in paragraph 162 of

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

the Complaint and all sub-parts therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### *(Failure to State a Claim)*

163.   Further answering and expressly denying any liability, Indianapolis Life states that the Complaint, and each and every purported claim for relief asserted against Indianapolis Life therein, fails to state a claim upon which relief against Indianapolis Life can be granted.

### SECOND AFFIRMATIVE DEFENSE

### *(ERISA Claims)*

164.   Further answering and expressly denying any liability, Indianapolis Life states that as to the purported claims asserted in the Complaint for relief against Indianapolis Life under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., relating to one or more employee benefit plans subject to ERISA, Indianapolis Life is not a party in interest or a fiduciary under any such plan; and, therefore, Plaintiffs cannot assert such ERISA claims against Indianapolis Life, Plaintiffs are prohibited from recovering damages on behalf of individual plan participants of any such plan, and Plaintiffs are barred from bringing their ERISA claims by the applicable statutes of limitation governing ERISA claims, including 29 U.S.C. § 1113(2), all of which must be decided by the Court instead of a jury.

### THIRD AFFIRMATIVE DEFENSE

### *(State Law Claims)*

165.   Further answering and expressly denying any liability, Indianapolis Life states that to the extent the state law pendant claims for relief against Indianapolis Life relate to one or more employee benefit plans subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., such claims are preempted by ERISA; and Plaintiffs' remedies, if any, are limited to those

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

-24-

1    provided for under ERISA.

2                    **FOURTH AFFIRMATIVE DEFENSE**

3        *(Plaintiffs' Ninth Claim for Relief and the Moradi-Shalal Doctrine)*

4        166.   Further answering and expressly denying any liability, Indianapolis

5    Life asserts with respect to Plaintiffs' Ninth Claim for Relief that such claim is

6    barred by the Moradi-Shalal Doctrine under California law.  An insured cannot

7    maintain an action for violation of the Unfair Competition Law based on conduct

8    that, as alleged, would otherwise be covered by the UIPA.  (*See, e.g., Textron*

9    *Financial Corp. v. National Union Fire Ins. Co.* (2004) 118 Cal.App.4th 1061.)

10                    **FIFTH AFFIRMATIVE DEFENSE**

11   *(Plaintiffs' Ninth Claim for Relief – The Court Should Abstain From Exercising*
                            *Equitable Jurisdiction)*
12

13       167.   Further answering and expressly denying any liability, Indianapolis

14   Life asserts with respect to Plaintiffs' Ninth Cause of Action that the courts have a

15   policy of not intervening in areas of complex economic policy, particularly in the

16   context of actions brought under California's Unfair Competition Act (Bus. & Prof.

17   Code, § 17200, et seq.).  (*See, e.g., Wolfe v. State Farm Fire & Cas. Ins. Co.* (1996)

18   46 Cal.App.4th 554.)  Indianapolis Life further admits and alleges that the insurance

19   industry is heavily regulated, that Plaintiffs' Ninth Cause of Action based on

20   California's Unfair Competition Law is directly encompassed by the Uniform

21   Insurance Practices and Deception Act (California Ins. Code, §§ 790.02 and 790.03,

22   the "UIPA"), and that the manifest purpose of the UIPA is to vest in an

23   administrative agency the power to police unfair practice in the insurance industry.

24   Indianapolis Life is informed and believes, and thereon alleges, that in light of the

25   above, the Court should refuse to entertain equitable jurisdiction under Plaintiffs'

26   Ninth Cause of Action.

27   / / /

28   / / /

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08
ANSWER TO COMPLAINT; AND
COUNTERCLAIM
-25-

## SIXTH AFFIRMATIVE DEFENSE

### *(Failure to State Fraud with Particularity)*

168.   Further answering and expressly denying any liability, Indianapolis Life asserts that to the extent Plaintiffs' claims directed against Indianapolis Life are based on fraud, such claims should be dismissed for failure to plead the allegations of fraud and misrepresentation with particularity.

## SEVENTH AFFIRMATIVE DEFENSE

### *(No Misrepresentation of Facts)*

169.   Further answering and expressly denying any liability, Indianapolis Life is informed and believes, and thereon alleges that the alleged representations which form the basis of Plaintiffs' fraud and misrepresentation claims were not statements of fact and, therefore, cannot form the basis of a fraud or misrepresentation claim.

## EIGHTH AFFIRMATIVE DEFENSE

### *(Misrepresentation of Law)*

170.   Further answering and expressly denying any liability, Indianapolis Life is informed and believes, and thereon alleges that the alleged misrepresentations which form the basis of Plaintiffs' claims were representations of law; and, therefore, Plaintiffs' claims, and each of them, are barred.

## NINTH AFFIRMATIVE DEFENSE

### *(No Reasonable Reliance)*

171.   Further answering and expressly denying any liability, Indianapolis Life states that Plaintiffs, having signed a disclosure and acknowledgement, did not reasonably rely upon Indianapolis Life in connection with the allegations and events alleged in the Complaint.  Indianapolis Life is informed and believes, and thereon alleges, that Plaintiffs had the resources to engage, and did in fact engage, the services of independent advisors and experts to advise and assist them in conjunction with the events alleged in the Complaint.  Indianapolis Life is further

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

-26-

1  informed and believes, and thereon alleges, that Plaintiffs did in fact rely upon the

2  advice and expertise of their own advisors and experts in connection with the

3  activities alleged in the Complaint.  In addition,

4          a.      Plaintiff Joseph Christenson is a sophisticated and accomplished

5  business person.

6          b.      Indianapolis Life at no time made any representations or

7  warranties to Plaintiffs concerning tax treatment for any contribution Plaintiffs, or

8  any of them, might make to any welfare benefit plan.

9          c.      Indianapolis Life is informed and believes, and thereon alleges,

10  that at no time did it or any agent acting on its behalf guarantee the future tax

11  consequence that would result from the policies of life insurance at issue in this

12  case.

13          d.      To the extent any statements concerning tax treatment were

14  made by any of the defendants, Plaintiffs were aware that Indianapolis Life intended

15  to be bound only by the promises contained in the insurance policies issued on the

16  lives of Joseph Christenson and Patricia Christenson and, indeed, signed their names

17  to the bottom of a written Disclosure and Acknowledgement of same by TJRK.

18          e.      Notwithstanding the above, based on the allegations in the

19  Complaint, Indianapolis Life is informed and believes, and thereon alleges, that

20  Plaintiffs, or one of them, took tax deductions for welfare benefit plan contributions

21  and took other action knowing they freely and voluntarily assumed the tax risks and

22  other risks and consequential injuries and damages, if any, and could not and did not

23  reasonably rely on any purported misrepresentation, inaction, advice, or purported

24  expertise of Indianapolis Life or its agents or representatives.

25                          **TENTH AFFIRMATIVE DEFENSE**

26                  *(Acts of Third Parties Outside Scope of Agency)*

27          172.    Further answering and expressly denying any liability, Indianapolis

28  Life asserts that it is not legally responsible for the acts or omissions or

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

-27-

1  misrepresentations of any other defendants named in Plaintiffs' Complaint, as such

2  acts and/or omissions and/or misrepresentations, if any, were performed and/or

3  made by such defendants outside and beyond the course and scope of any duties

4  and/or authority as agents and/or representatives and/or independent contractors of

5  Indianapolis Life.

## ELEVENTH AFFIRMATIVE DEFENSE

### *(Indianapolis Life Did Not Cause Damages)*

173.   Further answering and expressly denying any liability, Indianapolis

Life asserts that Plaintiffs' prayers for judgment and damages against Indianapolis

Life are barred because any damages purportedly sustained by Plaintiffs were not

the result of any act, representation, or omission of Indianapolis Life, or as

authorized or within the scope of any of its agents, representatives and/or

employees, but instead were the direct and proximate result of the conduct of

persons other than Indianapolis Life, for whose conduct Indianapolis Life is not

responsible.

## TWELFTH AFFIRMATIVE DEFENSE

### *(Damages Caused By Subsequent/Intervening Acts of Third Parties)*

174.   Further answering and expressly denying any liability, Indianapolis

Life asserts that if Plaintiffs have sustained any damages as alleged in the

Complaint, which Indianapolis Life denies, such damages were proximately caused

by subsequent and intervening or superseding acts of the Plaintiffs or of third

parties, such that Indianapolis Life is not responsible or liable for any damages

allegedly suffered by Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

### *(Comparative Fault)*

175.   Further answering and expressly denying any liability, Indianapolis

Life asserts that, pursuant to the doctrines of comparative fault and indemnity, the

fault of Indianapolis Life, if any, must be compared to and reduced by, and that

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

-28-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

1  Indianapolis Life is entitled to be indemnified as a result of, the comparative fault of

2  Plaintiffs and any and all defendants or other parties whose fault in any way caused

3  or contributed to cause Plaintiffs' damages.

4  ### FOURTEENTH AFFIRMATIVE DEFENSE

5  ### *(No Basis for Punitive Damages)*

6  176.  Further answering and expressly denying any liability, Indianapolis

7  Life asserts that Plaintiffs' Complaint, and each and every purported claim for relief

8  asserted against Indianapolis Life therein, fails to state facts sufficient to entitle

9  Plaintiffs to an award of general damages, special damages, exemplary or punitive

10  damages.  Plaintiffs are not entitled to recover any punitive or exemplary damages,

11  because:

12       a.    Plaintiffs have failed to plead facts as against Indianapolis Life

13  sufficient to support allegations of fraud, deliberate, willful, wanton, malicious and

14  reckless behavior or acts made with complete disregard for the welfare of Plaintiffs;

15  and/or

16       b.    An award of punitive or exemplary damages in this case would

17  violate Indianapolis Life's rights to due process under the 5th and 14th Amendments

18  to the United States Constitution and under the California Constitution.  In particular

19  and without limitation (1) an award of exemplary damages is tantamount to a

20  criminal penalty, but Indianapolis Life is not provided with the basic protections of

21  criminal procedure; and (2) Indianapolis Life did not receive adequate notice that its

22  alleged conduct could give rise to exemplary damages;

23       c.    Any award of punitive or exemplary damages in this case would

24  violate Indianapolis Life's rights under the 5th, 8th, and 14th Amendments to the

25  United States Constitution, and under the California Constitution and the law

26  governing punitive damages, to the extent that it is based on any conduct other than

27  that alleged to have harmed the Plaintiffs.  In particular and without limitation, an

28  exemplary damages award may not be imposed on Indianapolis Life to the extent

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM
-29-

1 | that it is (1) based on Indianapolis Life's lawful conduct; (2) not based solely on the
2 | particular, unlawful conduct, if any, found to have injured Plaintiffs; or (3) not based
3 | solely on the harm alleged to have been caused to the Plaintiffs by Indianapolis Life;

4       d.      An award of punitive or exemplary damages in this case would
5 | violate Indianapolis Life's rights under the 5th, 8th and 14th Amendments to the
6 | United States Constitution, and under the California Constitution and the law
7 | governing punitive damages, to the extent that any such award is disproportionate to
8 | compensatory damages in this case;

9       e.      Any consideration of Indianapolis Life's "wealth or net worth"
10 | violates Federal and State Constitutional guaranties of due process and equal
11 | protection under the law; and

12       f.      As noted above, punitive damages are barred under ERISA.

### FIFTEENTH AFFIRMATIVE DEFENSE
### *(Parol Evidence Rule)*

15    177.   Further answering and expressly denying any liability, Indianapolis
16 | Life is informed and believes, and thereon alleges, that the claims asserted against it
17 | in Plaintiffs' Complaint are barred by the Parol Evidence Rule.

### SIXTEENTH AFFIRMATIVE DEFENSE
### *(Statute of Limitations)*

20    178.   Further answering and expressly denying any liability, Indianapolis
21 | Life is informed and believes, and thereon alleges, that the claims asserted against it
22 | are barred by the applicable statutes of limitation, including, but not limited to, Cal.
23 | Bus. & Prof. Code § 17208, Cal. Code Civ. Pro. §§ 337, 338, 339 and 340.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### *(Performance of Duties Excused)*

26    179.   Further answering and expressly denying any liability, Indianapolis
27 | Life asserts that Plaintiffs' Complaint, and each and every purported claim for relief
28 | asserted therein, is barred because Indianapolis Life fully performed any and all

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM
-30-

1  contractual, statutory, and other duties that may have been owed to Plaintiffs under
2  applicable law, except for those obligations the performance of which was excused
3  by the conduct or omissions of Plaintiffs, including but not limited to Plaintiffs'
4  breaches and/or failure to perform their obligations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### *(Estoppel)*

7      180.   Further answering and expressly denying any liability, Indianapolis
8  Life is informed and believes, and thereon alleges, that the Complaint, and each and
9  every purported claim for relief asserted against Indianapolis Life therein, is barred
10  because Plaintiffs are estopped from asserting such claims.

## NINETEENTH AFFIRMATIVE DEFENSE

### *(Unclean Hands)*

13      181.   Further answering and expressly denying any liability, Indianapolis
14  Life is informed and believes, and thereon alleges, that the Complaint, and each and
15  every purported claim for equitable relief asserted against Indianapolis Life, is
16  barred by the doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

### *(Waiver)*

19      182.   Further answering and expressly denying any liability, Indianapolis
20  Life states that Plaintiffs have expressly and by virtue of their own acts, omissions,
21  conduct, and statements, waived any and all claims against Indianapolis Life.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### *(No Representations Made By Indianapolis Life Except Those In Policies)*

24      183.   Further answering and expressly denying any liability, Indianapolis
25  Life is informed and believes and thereon alleges, that no representations were made
26  to Plaintiffs in connection with any life policy provided by Indianapolis Life other
27  than those expressly set forth in the subject policy.  To the extent that any
28  misrepresentation was made or included in materials that were not approved by

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08
-31-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

1    Indianapolis Life, such were beyond the scope of any person or entity, if any, acting

2    or purporting to act on behalf of Indianapolis Life.

3                    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

4                              *(Ultra Vires)*

5         184.   Further answering and expressly denying any liability, Indianapolis

6    Life is informed and believes, and thereon alleges, that the wrongful actions and

7    inactions of the other Defendants, as alleged in the Plaintiffs' Complaint, were ultra

8    vires in nature and beyond the scope of their relationship, if any, with Indianapolis

9    Life.

10                    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

11                         *(Assumption of the Risk)*

12        185.   Further answering and expressly denying any liability, Indianapolis

13   Life assets that the Plaintiffs knowingly or recklessly assumed the risks asserted in

14   the Complaint and cannot be heard to complain thereof.

15                    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

16                       *(Failure to Mitigate Damages)*

17        186.   Further answering and expressly denying any liability, Indianapolis

18   Life asserts that Plaintiffs had and have a duty to mitigate their damages, if any, and

19   Plaintiffs' failure to perform such duty exonerates Indianapolis Life from any

20   liability to Plaintiffs, and all damages alleged, if any, were and are the sole and

21   proximate result of Plaintiffs' failure to mitigate damages.

22                    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

23                          *(Statute of Frauds)*

24        187.   Further answering and expressly denying any liability, Indianapolis

25   Life is informed and believes, and thereon alleges, that the statute of frauds bars

26   Plaintiffs' claims.

27   / / /

28   / / /

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08                    -32-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

*(Failure to Join Indispensable Parties)*

188.   Further answering and expressly denying any liability, Indianapolis Life is informed and believes, and thereon alleges, that the Plaintiffs have failed to join indispensable parties whose presence is needed for just adjudication of the claims.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

*(Real Party in Interest)*

189.   Further answering and expressly denying any liability, Indianapolis Life is informed and believes, and thereon alleges, that the Plaintiffs are not the real parties in interest with respect to one or more of the claims asserted in the Complaint.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

*(In Pari Delecto)*

190.   Further answering and expressly denying any liability, Indianapolis Life is informed and believes, and thereon alleges, that if the actions of Indianapolis Life are found to have been wrongful, which Indianapolis Life expressly denies, then Plaintiffs' actions were equally or more wrongful and, therefore, Plaintiffs' claims are barred by the doctrine of In Pari Delecto.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

*(Conduct Not "Unlawful")*

191.   Further answering and expressly denying any liability, Indianapolis Life's practices and conduct, including but not limited to representations to customers, relating to the insurance products and/or employee benefit plans at issue are and were not "unlawful" in that Indianapolis Life has complied with all statutes and regulations applicable during the relevant period. *See Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700; *Lambros v. Metropolitan Life Ins. Co.* (2003) 111 Cal.App.4th 43.

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

-33-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

1              **THIRTIETH AFFIRMATIVE DEFENSE**

2                  *(Conduct Not "Unfair")*

3      192.   Further answering and expressly denying any liability, Indianapolis

4 Life's business practice of issuing insurance products and/or employee benefit plans

5 is not "unfair" within the meaning of Bus. and Prof. Code section 17200, as the

6 utility of the practice outweighs any potential harm.

7           **THIRTY-FIRST AFFIRMATIVE DEFENSE**

8                     *(Set-Off)*

9      193.   Indianapolis Life refers to and incorporates herein each and every

10 allegation set forth in its Counterclaim against TJRK.  Indianapolis Life has been

11 harmed by the acts, omissions, and other conduct alleged in its Counterclaim and by

12 conduct of Plaintiffs intended to induce Indianapolis Life to issue policies of life

13 insurance based on false pretenses.  In the event that Plaintiffs are determined to be

14 entitled to any damages pursuant to their Complaint, Indianapolis Life is entitled to

15 a set-off or reduction against any such recovery.

16         **THIRTY-SECOND AFFIRMATIVE DEFENSE**

17       *(Additional Defenses Revealed During Discovery)*

18      194.   Defendant Indianapolis Life reserves the right to assert additional

19 affirmative defenses as may be revealed during discovery and as justice requires.

20

21                      **PRAYER**

22      WHEREFORE, defendant Indianapolis Life prays that Plaintiffs take nothing

23 by their Complaint, that the Court enter judgment for defendant Indianapolis Life,

24 that the Court award defendant Indianapolis Life its costs of suit and any

25 recoverable attorneys' fees, and for such other and further relief as the Court deems

26 just and proper.

27 / / /

28 / / /

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08
ANSWER TO COMPLAINT; AND
COUNTERCLAIM
-34-

## INDIANAPOLIS LIFE INSURANCE
## COMPANY'S COUNTERCLAIM AGAINST TJRK, INC.

For its causes of action and Counterclaim against counterclaim defendant TJRK, Inc., counterclaim-plaintiff Indianapolis Life Insurance Company states and alleges as follows:

### JURISDICTION AND PARTIES

1.    Counterclaim-plaintiff, Indianapolis Life Insurance Company ("Indianapolis Life"), is an Indiana Insurance Corporation, licensed and qualified to do business in the State of California, whose principal place of business is in Indianapolis, Indiana.

2.    Counterclaim-defendant TJRK, Inc. ("TJRK") is a corporation organized under articles of incorporation filed with the California Secretary of State. According to records filed with the California Secretary of State, TJRK's principal place of business is 16152 Brittany Park Lane, Poway, California 92064, and Joseph Christenson is its President. At all times relevant herein, TJRK acted or purported to act through its employees, officers and agents, and all were acting, or purporting to act, within the scope and course of their duties with TJRK, pursuant to and under the authority of TJRK, and in furtherance of TJRK's business.

### General Factual Allegations Common to All Counts

3.    On or about December 3, 2003, the TJRK, Inc. 419(e) Welfare Benefit Plan (the "Plan") submitted two applications for life insurance to Indianapolis Life seeking a Vista Select life insurance policy to insure the lives of two employees of TJRK, Joseph Christenson and Patricia Christenson (the "Applications").

4.    On or about December 3, 2003, Joseph Christenson, acting as President of TJRK, Inc. and as Trustee of the Plan, signed an agreement in connection with the Applications entitled "Disclosure and Acknowledgement (Employer) – WELFARE BENEFIT PLANS." (the "Disclosure Agreement"). A true and correct copy of the Disclosure Agreement is attached hereto and incorporated herein as

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08
ANSWER TO COMPLAINT; AND
COUNTERCLAIM
-35-

1 | Exhibit A.

2 |    5.    In paragraph 2 of the Disclosure Agreement, Joseph Christenson, acting

3 | as President of TJRK, Inc. and as Trustee of the Plan, expressly acknowledged and

4 | agreed, among other things, that the "Company [Indianapolis Life] has no affiliation

5 | with any Plan nor is the Company a party to any agreement relating to a Plan."

6 |    6.    In paragraph 3 of the Disclosure Agreement, Joseph Christenson, acting

7 | as President of TJRK, Inc. and as Trustee of the Plan, also further acknowledged

8 | and agreed that "the Company [Indianapolis Life] strongly recommends that

9 | Employer [TJRK] consult tax and legal advisors who are independent of the

10 | Company and its representatives about (a) adopting and maintaining a Plan, (b)

11 | using life insurance in a Plan, (c) whether tax deductions can be taken for

12 | contributions made to a Plan, (d) whether participants in a Plan must disclose that

13 | participation on their tax returns as a "listed transaction."  Exhibit A at ¶ 3.

14 |    7.    In paragraph 3 of the Disclosure Agreement, Joseph Christenson, acting

15 | as President of TJRK, Inc. and as Trustee of the Plan, further acknowledged and

16 | agreed that "[TJRK] has not relied on representations, if any has been made, or

17 | advice, if any has been given, by the Company or any of its representatives about (a)

18 | through (d) in the preceding sentence [of paragraph 3] or about any other tax or

19 | legal matter relating to an Plan. [and that Indianapolis Life] and its representatives

20 | have no obligation to advise [TJRK] about tax or other law."

21 |    8.    In paragraph 4 of the Disclosure Agreement, Joseph Christenson, acting

22 | as President of TJRK, Inc. and as Trustee of the Plan, further acknowledged and

23 | agreed that with respect to any life insurance policies issues by Indianapolis Life,

24 | "[Indianapolis Life] is responsible for and bound by the promises contained only in

25 | the Policies."

26 |    9.    In executing the Disclosure Agreement, Joseph Christenson, acting as

27 | President of TJRK, Inc. and as Trustee of the Plan, expressly acknowledged and

28 | agreed to "indemnify and hold [Indianapolis Life] harmless from any and all

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

-36-

1  liability or responsibility whatsoever in connection with [TJRK's] participation in a
2  Plan, including without limitation any liability or responsibility in connection with
3  any tax consequence relating to a Plan."

4      10.    On or about January 14, 2004, Indianapolis Life issued two whole life
5  policies insuring the lives of two TJRK employees, Joseph Christenson and Patricia
6  Christenson, which named the TJRK, Inc. 419(e) Welfare Benefit Plan as both the
7  beneficiary and owner of such policies (hereinafter, the "Policies").

8      11.    On or about June 25, 2008, TJRK and two of its employee participants
9  in the Plan, Joseph Christenson and Patricia Christenson, filed a civil action in this
10  Court asserting multiple claims against Indianapolis Life, including, but not limited
11  to, claims for violation of the Employee Retirement Income Security Act of 1974,
12  29 U.S.C. § 1001, et seq., and state law claims, seeking to hold Indianapolis Life
13  liable for damages they allegedly suffered in connection with the TJRK, Inc. 419(e)
14  Welfare Benefit Plan, including without limitation, harm they allegedly suffered as a
15  result of the application of tax or other law to that plan.

16                          **FIRST CLAIM FOR RELIEF**
17                             **(Breach of Contract)**

18      12.    Indianapolis Life incorporates by reference the preceding facts and
19  allegations contained in paragraphs 1 through 11 of this Counterclaim as though
20  fully set forth herein.

21      13.    On or about January 14, 2004, Indianapolis Life issued the Policies.

22      14.    As part of and in connection with the issuance of the Policies insuring
23  the lives of its employees, counterclaim-defendant TJRK signed the Disclosure
24  Agreement, which contained an express promise that TJRK would "indemnify and
25  hold [Indianapolis Life] harmless from any and all liability or responsibility
26  whatsoever in connection with [TJRK's] participation in a Plan, including without
27  limitation any liability or responsibility in connection with any tax consequence
28  relating to a Plan."

15.     By bringing this lawsuit and asserting the claims against Indianapolis Life therein, counterclaim-defendant TJRK has breached the Disclosure Agreement, thereby damaging Indianapolis Life, including the damages that have accrued to and will accrue against Indianapolis Life for the defense of these claims.

WHEREFORE, counterclaim-plaintiff Indianapolis Life prays for judgment in an amount, exclusive of interest and costs, yet to be determined against counterclaim-defendant TJRK, Inc. as compensatory damages resulting from the foregoing breaches of contract; and for recovery of its legal fees and expenses incurred herein as allowed by law; for pre-judgment and post-judgment interest on all of the foregoing amounts as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Indemnity)

16.     Indianapolis Life incorporates by reference the preceding facts and allegations contained in paragraphs 1 through 15 of this Counterclaim as though fully set forth herein.

17.     As part of and in connection with the issuance of the Policies, counterclaim-defendant TJRK signed the Disclosure Agreement, which contained an express promise that TJRK would "indemnify and hold [Indianapolis Life] harmless from any and all liability or responsibility whatsoever in connection with [TJRK's] participation in a Plan, including without limitation any liability or responsibility in connection with any tax consequence relating to a Plan."

18.     On or about June 25, 2008, TJRK and two of its employee participants in the Plan, Joseph Christenson and Patricia Christenson, filed a civil action in this Court asserting multiple claims against Indianapolis Life, including, but not limited to, claims for violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., and state law claims, seeking to hold Indianapolis Life

Rutan & Tucker, LLP
attorneys at law
176/026579-0002
941977.03 a08/04/08
-38-
ANSWER TO COMPLAINT; AND
COUNTERCLAIM

1  liable for damages they allegedly suffered in connection with the TJRK, Inc. 419(e)

2  Welfare Benefit Plan, including without limitation, harm they allegedly suffered as a

3  result of the application of tax or other law to that plan (the "Lawsuit").

4      19.    As a result of the filing and prosecution of the Lawsuit, Indianapolis

5  Life has incurred, and continues to incur, substantial costs and expenses, including

6  but not limited to attorneys' fees, to defend against claims which seek to hold

7  Indianapolis Life liable for damages Joseph Christenson and Patricia Christenson

8  allegedly suffered in connection with the TJRK, Inc. 419(e) Welfare Benefit Plan,

9  including without limitation, harm they allegedly suffered as a result of the

10  application of tax or other law to that plan.

11      WHEREFORE, counterclaim-plaintiff Indianapolis Life prays for judgment

12  in an amount, exclusive of interest and costs, yet to be determined against

13  counterclaim-defendant TJRK, Inc. sufficient to indemnify and hold Indianapolis

14  Life harmless from any and all any liability, adjudication, costs, expenses or other

15  damages it has incurred or may incur in defending against the claims asserted by

16  Joseph Christenson and Patricia Christenson in this lawsuit, including, but not

17  limited to, its legal fees and expenses incurred herein; for pre-judgment and post-

18  judgment interest on all of the foregoing amounts as allowed by law; and for such

19  other and further legal and equitable relief as the Court deems just and proper.

20

21  Dated: August 4, 2008                RUTAN & TUCKER, LLP
                                         MICHAEL T. HORNAK
22                                       LISA N. NEAL

23

24                                       By: _____
                                             Michael T. Hornak
25                                           Attorneys for Defendant and
                                             Counterclaimant INDIANAPOLIS
26                                           LIFE INSURANCE COMPANY

27

28

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08                          -39-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

## DEMAND FOR JURY TRIAL

Counterclaimant INDIANAPOLIS LIFE INSURANCE COMPANY hereby demands trial by jury of all claims in this action.

Dated:  August __, 2008

RUTAN & TUCKER, LLP
MICHAEL T. HORNAK
LISA N. NEAL

By: _____
Michael T. Hornak
Attorneys for Defendant and
Counterclaimant INDIANAPOLIS
LIFE INSURANCE COMPANY

Rutan & Tucker, LLP
attorneys at law

176/026579-0002
941977.03 a08/04/08

-40-

ANSWER TO COMPLAINT; AND
COUNTERCLAIM

EXHIBIT "A"

DEC. 9. 2004  3:43PM    JERRY WAAGE                    NO. 523    P. 7

# AMERUS LIFE INSURANCE GROUP
### *AmerUs Life Insurance Company*
### *Indianapolis Life Insurance Company*

---

## Disclosure and Acknowledgment (Employer) – WELFARE BENEFIT PLANS

---

With respect to the applications of employees for life insurance with either of the above companies (the "Company") that will be owned by, assigned to or otherwise issued under a welfare benefit fund, welfare benefit trust or welfare benefit plan (each, a "Plan"), the participating employer ("Employer") hereby acknowledges and agrees to the following:

1.  The Company will underwrite and issue life insurance policies or decline applications for life insurance policies consistent with its normal and customary business practices.

2.  The Company has no affiliation with any Plan nor is the Company a party to any agreement relating to a Plan.

3.  The Company strongly recommends that Employer consult tax and legal advisors who are independent of the Company and its representatives about (a) adopting and maintaining a Plan, (b) using life insurance in a Plan, (c) whether tax deductions can be taken for contributions made to a Plan, and (d) whether participants in a Plan must disclose that participation on their tax returns as a "listed transaction." Employer has not relied on representations, if any has been made, or advice, if any has been given, by the Company or any of its representatives about (a) through (d) of the preceding sentence or about any other tax or legal matter relating to a Plan. The Company and its representatives have no obligation to advise Employer about tax or other law.

4.  With respect to life insurance policies issued by the Company, the Company is responsible for and bound by the promises contained only within the policies.

5.  To the extent that a Plan is the designated owner or assignee of life insurance policies issued by the Company, Employer's right to direct the Company to take actions with respect to the policies, or to obtain information about the policies directly from the Company, may be limited.

Employer acknowledges and agrees to the preceding paragraphs. Employer hereby agrees to indemnify and hold the Company and its representatives harmless from any and all liability or responsibility whatsoever in connection with Employer's participation in a Plan, including without limitation any liability or responsibility in connection with any tax consequence relating to a Plan.

12/3/04
Date

Employer Name: TJRK, Inc.

By: _____, Trustee

Printed Name: Joseph Christenson

Title: President

Employee participants applying for life insurance with the Company (please print):

Joseph Christenson                    Patricia Christenson

_____            _____

EXHIBIT *A* , PAGE 41