Heather L. Rosing, Bar No. 183986
Gregor A. Hensrude, Bar No. 226660
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
ghensrude@klinedinstlaw.com

Attorneys for Defendants
SCOTT WAAGE; THE WAAGE LAW
FIRM and ROBERT JENSEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TJRK, INC., a California corporation; JOSEPH CHRISTENSON, an individual; and PATRICIA CHRISTENSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT WAAGE, an individual; THE WAAGE LAW FIRM, a California professional corporation; JERRY WAAGE, an individual; PROVERBIAL INVESTMENTS, INC., an Iowa corporation; ROBERT JENSEN, an individual; INDIANAPOLIS LIFE INSURANCE COMPANY, an AMERUS COMPANY, nka AVIVA USA CORPORATION, an Iowa corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.   08-cv-1140 JM (RBB)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF THE COMPLAINT BASED ON FEDERAL RULES OF CIVIL PROCEDURE 9(B), 12(B)(6), AND 12(F)**<br><br>Date            September 19, 2008<br>Time:           1:30 p.m.<br>Courtroom:  16<br>Judge:          Jeffrey T. Miller<br>Magistrate Judge:<br>Complaint Filed:  June 25, 2008<br>Trial Date:    None set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on September 19, 2008 at 1:30 p.m., or as soon as there

after as the matter may be heard in Courtroom 16 of the above captioned court,

Defendants SCOTT WAAGE; THE WAAGE LAW FIRM and ROBERT JENSEN will

and hereby do move for an order dismissing and striking portions of Plaintiffs' complaint

- 1 -

pursuant to Federal Rules of Civil Procedure sections 9(b), 12(b)(6), and 12(f), on the following grounds:

(1) Plaintiffs' fifth claim for relief should be dismissed because it fails to state a claim for fraud upon which relief can be granted;

(2) Plaintiffs fifth claim for relief should be dismissed because it fails to plead fraud pursuant to the requirements of Rule 9(b);

(3) Paragraph 162 of the complaint and paragraph 9 of the prayer for relief should be stricken because treble damages are not recoverable remedies as a matter of law;

(4) The portions of paragraphs 133 and 143 ("have suffered anxiety, worry, mental and emotional distress") of the complaint and paragraph 8 ("mental and emotional distress and other") of the prayer for relief that relate to emotional distress damages should be stricken because emotional distress damages are not recoverable as a matter of law;

(5) Paragraphs 134 and 144 of the complaint and paragraph 11 of the prayer for relief should be stricken because punitive damages are not recoverable as a matter of law.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and papers filed herein, and any oral argument presented at the time of hearing.

KLINEDINST PC

DATED: August 13, 2008        By:  /s/ Gregor A. Hensrude
                                   GREGOR A. HENSRUDE
                                   Attorneys for Defendants
                                   SCOTT WAAGE; THE WAAGE LAW
                                   FIRM and ROBERT JENSEN

673782v1

Heather L. Rosing, Bar No. 183986
Gregor A. Hensrude, Bar No. 226660
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
ghensrude@klinedinstlaw.com

Attorneys for Defendants
SCOTT WAAGE; THE WAAGE LAW FIRM and ROBERT JENSEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TJRK, INC., a California corporation; JOSEPH CHRISTENSON, an individual; and PATRICIA CHRISTENSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT WAAGE, an individual; THE WAAGE LAW FIRM, a California professional corporation; JERRY WAAGE, an individual; PROVERBIAL INVESTMENTS, INC., an Iowa corporation; ROBERT JENSEN, an individual; INDIANAPOLIS LIFE INSURANCE COMPANY, an AMERUS COMPANY, nka AVIVA USA CORPORATION, an Iowa corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.   08-cv-1140 JM (RBB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS SCOTT WAAGE, THE WAAGE LAW FIRM, AND ROBERT JENSEN'S MOTION TO DISMISS PORTIONS OF THE COMPLAINT**<br><br>Date            September 19, 2008<br>Time:           1:30 p.m.<br>Courtroom:  16<br>Judge:          Jeffrey T. Miller<br>Magistrate Judge:<br>Complaint Filed: June 25, 2008<br>Trial Date:    None set |

///
///
///
///
///

## I. INTRODUCTION

Plaintiffs' claim for legal malpractice against Scott Waage, the Waage Law Firm, and Robert Jensen ("the Waage Defendants") lacks merit, but that discussion will have to await another day. What should not proceed for further factual development, however, are the causes of action and claims for relief with absolutely no basis in law. Not only do the claims for fraud, punitive damages, treble damages, and emotional distress lack any basis whatsoever, *they have been explicitly precluded by clear and concise California law.* Therefore, the fraud cause of action should be dismissed along with the inappropriate claims for damages.

## II. STATEMENT OF FACTS

As alleged in the complaint, the facts are as follows:

In 2001, Plaintiffs implemented a tax plan intended to reduce their tax liability arising from their two businesses. [Complaint ¶¶ 21-24] The plan set up a corporation (TJRK) whose stock was owned by an irrevocable trust and who sponsored a Deferred Benefit Pension Plan. [Complaint ¶¶ 22, 24] The tax plan also included a lease agreement between the Christensons and TJRK. [Complaint ¶ 31] In 2003, the tax plan was expanded to include a 419(e) Benefit Plan for TJRK that was funded on life insurance policies on for the Christensons. [Complaint ¶¶ 26, 29]

In 2006, the IRS notified Plaintiffs that it was performing an audit of TJRK including the Deferred Benefit Pension Plan, the 419(e) Benefit Plan, and the lease agreement. [Complaint ¶ 32] As a result of the audit, the IRS has indicated that it will be disqualifying the two benefit plans, and disallowing the tax deductions related to the plans and the lease agreement. [Complaint ¶ 32]

In response to the IRS audit, Plaintiffs filed this lawsuit against all of the professionals that were involved in the implementation of the tax plan, including the Waage Defendants. The Waage Defendants provided Plaintiffs with legal and related services attendant to the transactions set forth above. According to Plaintiffs, the services provided by the Waage Defendants fell below the applicable standard of care.

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

1  [Complaint ¶¶ 130, 140]  Plaintiffs claim that the Waage Defendants error(s) caused them
2  to implement those transactions (Complaint ¶¶ 24, 29, 31), and then incur damages via
3  the IRS audit.  [Complaint ¶¶ 131-133, 142-143]

4  Plaintiffs filed this lawsuit claiming both ERISA claims and non-ERISA state
5  claims for negligent misrepresentation, fraud, legal malpractice, general professional
6  malpractice, breach of fiduciary duty, and unfair competition.

7  As part of the malpractice claims, Plaintiffs have sought recovery for their fees
8  incurred in defending the IRS audit and all penalties and economic damages suffered as a
9  result of the disqualification of the tax plan. [Complaint ¶¶ 131-133, 142-143]  In
10  addition to those damages, Plaintiffs have also requested damages for emotional distress
11  and punitive damages despite the fact that those damages are unavailable under the
12  malpractice claims.  [Complaint ¶¶ 133-134, 143-144]

### III.  LEGAL STANDARD

14  Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss will be
15  granted when the plaintiff cannot prove facts in support of his claim that would entitle
16  him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Rule 12(b)(6) permits
17  dismissal of a claim either where the claim lacks a cognizable legal theory or where
18  insufficient facts are alleged to support the plaintiff's theory or recovery sought.  *See*
19  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

20  To survive a Rule 12(b)(6) motion a complaint must contain factual allegations
21  sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v.*
22  *Twombly*, 127 S. Ct. 1955, 1965 (U.S. 2007).  A plaintiff's obligation under Rule
23  8(a)(2)'s notice pleading standard is "to provide the grounds of his entitlement to relief
24  [using] more than labels and conclusions. . . ." *Id.*  In resolving a Rule 12(b)(6) motion,
25  the court must construe the complaint in the light most favorable to the plaintiff and must
26  accept all well-pleaded factual allegations as true.  *Cahill v. Liberty Mutual Ins. Co.*, 80
27  F.3d 336, 337-38 (9th Cir. 1996).  However, a court is not required to credit "conclusory
28  ///

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

1  allegations of law and unwarranted inferences." *Jet Source Charter, Inc. v. Gemini Air*
2  *Group, Inc.*, 2007 U.S. Dist. LEXIS 85308, *4-6 (S.D. Cal. 2007).
3      Under Rule 12(f), a party may move to strike damages requests that are "not
4  recoverable as a matter of law." *Mancini v. Ins. Corp.*, 2008 U.S. Dist. LEXIS 43954
5  (S.D. Cal. 2008) *13 (citing *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 (C.D. Cal.
6  1996) (striking liquidated, treble, and punitive damages where they were unrecoverable
7  as a matter of law)).

## IV. THE FIFTH CLAIM FOR RELIEF SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

11     Plaintiffs' claim for fraud fails because it does not set forth sufficient allegations
12 to state a claim for which relief can be granted as to that cause of action.  Not only does
13 the conduct alleged not amount to fraud, Plaintiffs have also failed to meet the specificity
14 requirements of Rule 9(b) in that they do not set forth with particularity what statements
15 were made, much less when, where, and by whom those statements were made.  Both are
16 independent grounds for dismissal of this claim as to the Waage Defendants.

### A. Plaintiffs' allegations do not equate to actionable fraud

18     Plaintiffs claim that they hired the Waage Defendants to help reduce their tax
19 liability arising from their successful businesses.  As part of the tax plan, Plaintiffs claim
20 that the Waage Defendants recommended that they implement a Defined Benefit Pension
21 Plan, a 419(e) Plan, and a lease agreement.  They also claim that the Waage Defendants
22 told them these elements of the tax plan should effectively reduce their tax liability.
23 Plaintiffs claim that the IRS audited the tax plan and determined that it is going to
24 disallow the two plans and the tax benefits of the lease agreement.  Plaintiffs' complaint
25 alleges that the Waage Defendants overstated the effectiveness and failed to disclose risks
26 associated with the plan.
27     An attorney's duty to provide accurate and complete information to his client is
28 governed by the attorney standard of care.  When there is a failure to fulfill that duty, the

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

1  client has a potential claim for legal malpractice. That is exactly what has been presented
2  by way of this complaint.
3  But Plaintiffs have tried to turn their legal malpractice claims into fraud claims
4  without showing that anything more than a breach of duty was committed. Such a claim,
5  however, lacks even the most fundamental markings of fraud, like the making of a
6  statement that the party knows to be false, with intent to induce reliance. Moreover,
7  advice as to whether the IRS will someday preclude this transaction, or the degree of risk
8  incurred by utilizing it, is a statement of opinion, based largely upon a prediction about
9  what would happen in the future, neither of which will support a cause of action for
10 fraud. *See, e.g., Edmunds v. Valley Circle Estates* (1993) 16 Cal.App.4th 1290 (statement
11 about future events not actionable as fraud); *Gentry v. Ebay, Inc.* (2002) 99 Cal.App.4th
12 816, 835 (statement of opinion also not actionable). Further, attorneys are not liable *at*
13 *all* for reasonable statements of opinion where there could be some dispute, much less
14 liable in fraud. *See Village Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26, 37;
15 *Davis v. Damrell* (1981) 119 Cal.App.3d 883, 887.
16 Under Plaintiffs' theory of "fraud," every time a tax plan fails, the attorney
17 associated with the planning is not only subject to a legal malpractice cause of action, but
18 is also subject to a fraud cause of action because the attorney recommended it. Every
19 time an attorney advised against taking a settlement and the plaintiff received less at trial,
20 it would also be fraud. And the list goes on and on—attorneys are in the business of
21 giving advice based on educated guesses about what might occur in the future. All
22 attorneys that offer tax planning services make representations, either expressly or
23 impliedly, that their tax planning services will result in the desired tax benefits. Such
24 representations, even if incorrect, do not rise to the level of fraud.
25 If the Waage Defendants did in fact breach their duties to Plaintiffs, Plaintiffs will
26 be able to recover under their legal/professional malpractice causes of action. And under
27 those causes of action, Plaintiffs will be able to be made whole. There is no need to turn
28 this lawsuit into something other than it is—legal malpractice. Because the factual

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

allegations provide nothing that could support recovery based on fraud, the fifth claim for relief should be dismissed as to the Waage Defendants.

### B. Plaintiffs have failed to plead fraud with the requisite specificity

Moreover, and likely because this is simply a legal malpractice action, Plaintiffs have completely and utterly failed to state facts amounting to fraud with any specificity. And that failure to set forth particular facts is a second, independent, reason to dismiss the fifth cause of action.

Plaintiffs are required to set forth "particular facts concerning 'time, place, persons, statements made, [and] explanation of why or how such statements are false or misleading.'" *Jet Source Charter, Inc. v. Gemini Air Group, Inc.*, 2007 U.S. Dist. LEXIS 85308 at *13 (S.D. Cal. Nov. 19, 2007) (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994)).  Further, the factual allegations must be "'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051-52 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)).

Rather than set forth the specific statements that were made, Plaintiffs speak in generalities and claim that "Defendants" made misrepresentations related to the tax plan. By way of example, Plaintiffs pled:

- "Defendants misrepresented and concealed risks" [Complaint ¶ 111(a)]
- "Defendants further misrepresented . . . true qualifications . . . tax benefits . . . employer tax risks . . . consequences and risks" all related to the tax plan. [Complaint ¶ 111(a)]
- "Defendants further misrepresented . . . the nature, extent, amount, and length of required annual funding" for the tax plan. [Complaint ¶ 111(c)]

///
///

- 5 -
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PORTIONS OF THE COMPLAINT**
08-cv-1140 JM (RBB)

1  • Defendants told Plaintiffs "the contributions would be income tax deductible, that there were no tax risks, and that there would be no current tax liability" arising to Plaintiffs. [Complaint ¶ 114]

There are no particular facts pled regarding what statements were made, when they were made, where they were made, nor who made them. The generalized and conclusory allegations that "Defendants" made misrepresentations are insufficient to meet the requirements of Rule 9(b) and the Waage Defendants are unable to defend against the charge because Plaintiffs have not specified the particular facts supporting their purported fraud claim. This is not an idle concern in this case; the complaint states that "defendants" made misrepresentations, had intent, and induced reliance, even though there are *eight* defendants representing at least four separate companies. "Defendants" could refer to any combination of two, three, four, five, six, seven, or eight. Clearly all eight did not stand before Plaintiffs and, at the same time, speak in concert. If one defendant made a material misrepresentation amounting to fraud, then that defendant should have to answer for it. But the other defendants should not be brought along for the ride.[1] The complaint makes no attempt to differentiate between each of them, and absolutely no effort is made to identify the speaker with respect to the alleged fraudulent misrepresentation. Therefore, the fifth claim should also be dismissed based on Rule 9(b).

V. **TREBLE DAMAGES ARE UNRECOVERABLE AS A MATTER OF LAW UNDER PLAINTIFFS' NINTH CLAIM FOR RELIEF AND SHOULD BE STRICKEN**

Treble damages are not available under section Unfair Competition Law claims. *See Bank of the W. v. Superior Court* (1992) 2 Cal. 4th 1254, 1266. The only monetary relief that is available is "the disgorgement of money that has been wrongfully obtained or, in the language of the statute, an order 'restor[ing] … money … which may have been

---

[1] The court will note that not a single representation (or misrepresentation) is attributed to the Waage Defendants in the text of the Fifth Cause of Action.

- 6 -
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PORTIONS OF THE COMPLAINT**
08-cv-1140 JM (RBB)

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

acquired by means of … unfair competition.'" *Id.* (citing Cal. Bus. & Prof. Code § 17203). Despite this clear bar to recovery of treble damages, Plaintiffs still request them in paragraph 162 of the complaint and paragraph 9 of the prayer for relief without any explanation as to the basis of the request. Due to this complete legal bar to the recovery of treble damages, paragraph 162 of the complaint and paragraph 9 of the prayer should be stricken from the complaint.

## VI.   EMOTIONAL DISTRESS DAMAGES ARE UNRECOVERABLE AS A MATTER OF LAW UNDER PLAINTIFFS' SIXTH AND SEVENTH CLAIMS FOR RELIEF AND SHOULD BE STRICKEN

Emotional distress damages are not available for either of Plaintiffs' malpractice claims. Plaintiffs claims under both the sixth and seventh claims for relief—and the entire complaint for that matter—are based purely on economic injury. Despite the fact that Plaintiffs are seeking recovery for purely economic injury, they include claims for emotional distress damages. [Complaint ¶¶ 133 ("anxiety, worry, mental and emotional distress"), 143 ("anxiety, worry, mental and emotional distress"); Prayer ¶ 8 ("mental and emotional distress")]

The state of the law is clear that emotional distress damages "are not recoverable in a legal malpractice action if the representation concerned primarily the client's economic interests and the emotional injury derived from an economic loss." *Ovando v. County of Los Angeles*, 159 Cal. App. 4th 42, 73 (Cal. App. 2d Dist. 2008). The reasoning behind this legal bar is that the attorney's duty to his or her client in a civil setting "concerns the client's economic interests and does not extend to protection against emotional injury." *Id.* Because of this legal bar, emotional distress damages have never been awarded where the injuries sustained were purely economic. And emotional distress damages are unavailable under the sixth claim for relief.[2]

---

[2] The same analysis applies to the more general seventh cause of action for "professional malpractice." This also alleges wrongdoing by the law firm and its employee for professional services performed attendant to the legal services that allegedly resulted in the loss of money. Emotional distress claims arising out of

- 7 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PORTIONS OF THE COMPLAINT
08-cv-1140 JM (RBB)

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

1  Because emotional distress damages cannot be recovered from professionals
2  where the injuries caused by the professional representation are purely economic, the
3  portions of paragraphs 133 and 143 of the complaint and paragraph 8 of the prayer that
4  request emotional distress damages should be stricken.

## VII. PUNITIVE DAMAGES ARE UNRECOVERABLE AS A MATTER OF LAW UNDER PLAINTIFFS' SIXTH AND SEVENTH CLAIMS FOR RELIEF AND SHOULD BE STRICKEN

Plaintiffs have failed to plead any facts that could support their claim for punitive damages. Punitive damages are only available under these negligence claims upon a showing of "oppression, fraud, or malice." Cal. Civ. Code § 3294(a). There are no alternate grounds asserted by Plaintiffs. Because the factual allegations of the Complaint could not support a finding of oppression, fraud, or malice, punitive damages are unrecoverable as a matter of law and the request should be stricken.

As set forth above, Plaintiff's factual allegations are insufficient to demonstrate fraud on the part of the Waage Defendants. The factual allegations also fail to provide any support for the Plaintiffs' conclusory allegations that "Defendants" acted oppressively. [Complaint ¶¶ 134, 144] Although Plaintiffs do not claim any malice on the part of "Defendants," there are no factual allegations to support such a finding even if a claim of malice had been made.

The allegations merely set forth circumstances where a law firm set up a tax plan to reduce tax liability that the IRS subsequently disapproved. Plaintiffs now claim that the law firm acted below the applicable standard of care in setting up the tax plan. End of story. The only allegations of oppression or fraud are nothing more than conclusory allegations found in paragraphs 134 and 144 that are completely unsupported by the facts. Such unsupported conclusory allegations carry no weight in determining the legal

///

---

professional negligence resulting in property damage have *never* been allowed in California. *See Erlich v. Menezes* (1999) 21 Cal.4th 543, 554-55 (citing cases).

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

1  sufficiency of the claims.  Therefore, the request for punitive damages should be stricken
2  from the complaint as to the sixth and seventh claims for relief.

3  **VIII.  CONCLUSION**

4  Because this is a run-of-the-mill professional negligence case, the claims for
5  emotional distress, punitive damages, treble damages and fraud should be dismissed.  The
6  California courts have clearly, and repeatedly, stated that claims for emotional distress
7  are not authorized in professional negligence actions.  Likewise, there are absolutely no
8  bases pled in the complaint supporting claims for fraud, punitive damages, or treble
9  damages.  Consequently, the Waage Defendants respectfully request that their motion to
10 dismiss be granted in full.

11                                       KLINEDINST PC

13 DATED: August 13, 2008        By:  /s/ Gregor A. Hensrude
14                                    GREGOR A. HENSRUDE
                                      Attorneys for Defendants
                                      SCOTT WAAGE; THE WAAGE LAW
15                                    FIRM and ROBERT JENSEN

16 673564v1

- 9 -
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PORTIONS OF THE COMPLAINT**
08-cv-1140 JM (RBB)

1  Heather L. Rosing, Bar No. 183986
   Gregor A. Hensrude, Bar No. 226660
2  KLINEDINST PC
   501 West Broadway, Suite 600
3  San Diego, California 92101
   (619) 239-8131/FAX (619) 238-8707
4  ghensrude@klinedinstlaw.com

5  Attorneys for Defendants
   SCOTT WAAGE; THE WAAGE LAW
6  FIRM and ROBERT JENSEN

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  TJRK, INC., a California corporation; JOSEPH CHRISTENSON, an individual; and PATRICIA CHRISTENSON, an individual,<br><br>              Plaintiffs,<br><br>       v.<br><br>SCOTT WAAGE, an individual; THE WAAGE LAW FIRM, a California professional corporation; JERRY WAAGE, an individual; PROVERBIAL INVESTMENTS, INC., an Iowa corporation; ROBERT JENSEN, an individual; INDIANAPOLIS LIFE INSURANCE COMPANY, an AMERUS COMPANY, nka AVIVA USA CORPORATION, an Iowa corporation; and DOES 1 through 100, inclusive,<br><br>              Defendants. | Case No.  08-cv-1140 JM (RBB)<br><br>**CERTIFICATE OF SERVICE**<br><br>Date<br>Time:<br>Courtroom:<br>Judge:           Jeffrey T. Miller<br>Magistrate Judge:<br>Complaint Filed:  June 25, 2008<br>Trial Date:       None set |

- 1 -

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA     )
COUNTY OF SAN DIEGO     )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of San Diego, California, and my business address is 501 West Broadway, Suite 600, San Diego, California 92101.

On **August 13, 2008**, I caused to be served the following documents:

**NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF THE COMPLAINT BASED ON FEDERAL RULES OF CIVIL PROCEDURE 9(B), 12(B)(6), AND 12(F);**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

☐ **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at San Diego, California, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).)

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☒ **BY ELECTRONIC FILING SERVICE:** Complying with Fed. R.Civ. P. 5(b)(2)(D), my electronic business address is traymond@klinedinstlaw.com and I caused such document(s) to be electronically served for the above-entitled case to those parties on the Service List below. The file transmission was reported complete and a copy will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelop or package clearly labeled to identify the person being served, to be personally served via Cal Express Attorney Service on the parties listed on the service list below at their designated business address.

   ☐   By personally delivering the copies;

   ☐   By leaving the copies at the attorney's office;

- 2 -

1  ☐ With a receptionist, or with a person having charge thereof; or

2  ☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

3

4  ☐ By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

5  I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

6

| Marc S. Schechter, Esq.<br>Susan L. Meter, Esq.<br>Butterfield Schechter LLP<br>10616 Scripps Summit Court, Suite 200<br>San Diego, California 92131 | 858-444-2300/FAX 858-444-2345<br>Attorneys for Plaintiffs |
|---|---|
| Michael T. Hornak, Esq.<br>Rutan & Tucker, LLP<br>611 Anton Blvd., 14th Floor<br>Costa Mesa, California 92626-1931 | 714-641-5100/FAX 714-546-9035<br>Attorneys for Defendant/<br>Counterclaimant Indianapolis Life Ins. Co. |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 13, 2008, at San Diego, California.

*/s/ Tressa F. Raymond*
Tressa F. Raymond

668149v1

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101