MARC S. SCHECHTER (State Bar No. 116190)
SUSAN L. METER (State Bar No. 236133)
ELIZABETH M. SALES (State Bar No. 250992)
Butterfield Schechter◆LLP
10616 Scripps Summit Court, Suite 200
San Diego, CA 92131
Telephone: (858) 444-2300

Attorneys for Plaintiffs/Counterdefendant

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TJRK, INC., a California corporation; JOSEPH CHRISTENSON, an individual; and PATRICIA CHRISTENSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT WAAGE, an individual; THE WAAGE LAW FIRM, a California professional corporation; JERRY WAAGE, an individual; PROVERBIAL INVESTMENTS, INC., an Iowa corporation; ROBERT JENSEN, an individual; INDIANAPOLIS LIFE INSURANCE COMPANY, an AMERUS COMPANY, nka AVIVA USA CORPORATION, an Iowa corporation; and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 08-CV-1140 JM RBB<br><br>COUNTERDEFENDANT'S ANSWER TO COUNTERCLAIM FOR: 1. BREACH OF CONTRACT; AND 2. INDEMNITY<br><br>Complaint Filed:  June 25, 2008<br>Trial Date:  None Set |

Counterdefendant TJRK, Inc., hereby answers the Counterclaim of Defendant/Counterclaimant Indianapolis Life Insurance Company ("Indianapolis Life") as follows:

**JURISDICTION AND VENUE**

1. Counterdefendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 1 of the Counterclaim and, therefore, denies the allegations of paragraph 1 of the Counterclaim.

/././

- 2 -

1  2. Answering paragraph 2 of the Counterclaim, Counterdefendant admits that TJRK, Inc., is a corporation organized under articles of incorporation filed with the California Secretary of State, with its principal place of business at 16152 Brittany Park Lane, Poway, California, 92064, and Joseph Christenson as its President. The remaining portion of paragraph 2 calls for a legal conclusion to which no response is required.

**GENERAL FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

3. Answering paragraph 3 of the Counterclaim, Counterdefendant is without sufficient knowledge or information to answer as to who submitted the applications for life insurance to Indianapolis Life, and, therefore, denies the allegations of paragraph 3 of the Counterclaim.

4. Answering paragraph 4 of the Counterclaim, Counterdefendant responds that the document speaks for itself and no response is required.

5. Paragraph 5 of the Counterclaim calls for a legal conclusion to which no response is required.

6. Paragraph 6 of the Counterclaim calls for a legal conclusion to which no response is required.

7. Paragraph 7 of the Counterclaim calls for a legal conclusion to which no response is required.

8. Paragraph 8 of the Counterclaim calls for a legal conclusion to which no response is required.

9. Paragraph 9 of the Counterclaim calls for a legal conclusion to which no response is required.

10. Answering paragraph 10 of the Counterclaim, Counterdefendant responds that the document speaks for itself and paragraph 10 calls for a legal conclusion, both of which do not require a response.

11. Answering paragraph 11 of the Counterclaim, Counterdefendant responds that the document speaks for itself and paragraph 11 calls for a legal conclusion, both of which do not require a response.

/././

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

12. Counterdefendant incorporates paragraphs 1 through 11 above as though fully set forth herein.

13. Paragraph 13 of the Counterclaim calls for a legal conclusion to which no response is required.

14. Paragraph 14 of the Counterclaim calls for a legal conclusion to which no response is required.

15. Paragraph 15 of the Counterclaim calls for a legal conclusion to which no response is required.

## SECOND CLAIM FOR RELIEF

### (Indemnity)

16. Counterdefendant incorporates paragraphs 1 through 15 above as though fully set forth herein.

17. Paragraph 17 of the Counterclaim calls for a legal conclusion to which no response is required.

18. Paragraph 18 of the Counterclaim calls for a legal conclusion to which no response is required.

19. Paragraph 19 of the Counterclaim calls for a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to the Counterclaim, Counterdefendant alleges:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state facts sufficient to constitute a cause of action against Counterdefendant.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim is uncertain, vague, ambiguous, and unintelligible.

/././

### THIRD AFFIRMATIVE DEFENSE

Counterclaimant is estopped by its own conduct and omissions from asserting any claims, damages, or seeking other relief from Counterdefendant.

### FOURTH AFFIRMATIVE DEFENSE

Counterclaimant's claims are barred because Counterclaimant breached its alleged agreement(s) with Counterdefendant, failed to perform its obligations under their alleged agreement(s), breached the covenant of good faith and fair dealing, and otherwise failed to perform its duties under the alleged agreement(s).

### FIFTH AFFIRMATIVE DEFENSE

To the extent Counterclaimant asserts a cause of action related to purported agreements or representations against Counterdefendant, these claims are barred for lack of consideration on the part of one or both parties.

### SIXTH AFFIRMATIVE DEFENSE

Counterclaimant has not been damaged; however, to the extent that Counterclaimant claims otherwise, Counterclaimant failed to take adequate steps to minimize, alter, reduce, or otherwise diminish its alleged damages with respect to the matters alleged in the Counterclaim, and by reasons of the foregoing, Counterclaimant is barred from recovering damages due to its failure to mitigate its alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

None of the acts, conduct, and/or omissions attributed to Counterdefendant in the Counterclaim may be regarded as the actual or proximate cause of any damages Counterclaimant seeks to recover.

### EIGHTH AFFIRMATIVE DEFENSE

Counterdefendant is informed and believes and alleges that Counterclaimant, by its own conduct, acts, and/or omissions, is barred by its unclean hands from all legal and equitable relief they seek in the Counterclaim.

/././

/././

**NINTH AFFIRMATIVE DEFENSE**

Counterdefendant completely performed and fully discharged any and all obligations and legal duties Counterclaimant attributes to Counterdefendant in its Counterclaim, contractual or otherwise. As such, Counterclaimant's claim for damages must be barred.

**TENTH AFFIRMATIVE DEFENSE**

Counterdefendant is informed and believes, and on such information and belief alleges, that Counterclaimant was engaged in conduct that constitutes a waiver of their rights under the contract/agreement alleged in the Counterclaim. By reason of said waiver, Counterdefendant is excused from further performance of the obligations under the alleged contract/agreement.

**ELEVENTH AFFIRMATIVE DEFENSE**

Counterdefendant alleges that the causes of action in the Counterclaim are barred and unenforceable in that such claims, if enforced, are unconscionable and are barred by the doctrine of unconscionability.

**TWELFTH AFFIRMATIVE DEFENSE**

Counterdefendant alleges that Counterclaimant is barred from recovery under the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Counterdefendant alleges that any alleged "Disclosure Agreement" is void and unenforceable based on fraudulent inducement.

**PRAYER FOR JUDGMENT**

WHEREFORE, Counterdefendant prays as follows:

1. That Counterclaimant takes nothing by reason of its Counterclaim, that judgment be rendered in favor of Counterdefendant;

2. That Counterdefendant be awarded its costs of suit incurred in defense of this action; and

3. For such other relief as the Court deems just and proper.

/././

/././

**JURY DEMAND**

Counterdefendant hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 and Local Rules 38.1 as to all triable issues under the Counterclaim.

Dated: August 29, 2008                BUTTERFIELD SCHECHTER◆LLP

By: s/ Susan L. Meter
SUSAN L. METER
smeter@bsllp.com
Attorneys for Counterdefendant

**CERTIFICATE OF SERVICE**

I, Susan L. Meter, hereby declare:

On August 29, 2008, I caused the following document to be electronically served:

- COUNTERDEFENDANT'S ANSWER TO COUNTERCLAIM FOR: 1. BREACH OF CONTRACT; AND 2. INDEMNITY

on the interested parties who have agreed to accept e-filing as effective service in this action by filing this through the CM/ECF system to the following e-mail addresses:

ghensrude@klinedinstlaw.com

garchie@lbbslaw.com

mhornak@rutan.com

who are the attorneys for Defendants in this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 29, 2008, at San Diego, California.

s/ Susan L. Meter<br>SUSAN L. METER

BUTTERFIELD
SCHECHTER
♦ LLP

00143515.WPD

- 1 -
CERTIFICATE OF SERVICE
Case No. 08-CV-1140 JM RBB