# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TJRK, INC.; JOSEPH CHRISTENSON; and PATRICIA CHRISTENSON,<br><br>                         Plaintiffs,<br>vs.<br><br>SCOTT WAAGE; THE WAAGE LAW FIRM; JERRY WAAGE; PROVERBIAL INVESTMENTS, INC.; ROBERT JENSEN; and INDIANAPOLIS LIFE INSURANCE COMPANY nka AVIVA USA CORPORATION,<br><br>                         Defendants.<br>_____<br>AND RELATED COUNTERCLAIM | CASE NO. 08cv1140 JM(RBB)<br><br>ORDER GRANTING MOTION TO DISMISS FRAUD CLAIM; GRANTING LEAVE TO AMEND |

      Defendants Scott Waage, The Waage Law Firm, and Robert Jensen move to dismiss the fraud claim and to strike the prayer for treble damages under California's Unfair Competition Law, the prayer for emotional distress damages, and the prayer for punitive damages. Plaintiff's TJRK, Inc., Joseph Christenson, and Patricia Christenson ("Plaintiffs") oppose the motion to dismiss the fraud claim and concede that the prayer for treble damages and emotional distress damages should be stricken. Defendants Jerry Wage and Proverbial Investments, Inc. filed a notice of joinder to the motion to dismiss. Defendant Indianapolis Life Insurance Company has not responded to the motion.

1  Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument.  For
2  the reasons set forth below, the court grants the motion to dismiss the fraud claim and strikes the
3  prayer for treble damages, emotional distress damages, and punitive damages.  The court also grants
4  Plaintiffs 20 days leave to amend from the date of entry of this order.

## BACKGROUND

6        On June 25, 2008 Plaintiffs commenced this action alleging three claims arising under ERISA
7  and six pendent state law claims.  Joseph Christenson is the owner of  Remodel Works Bath &
8  Kitchen, Inc. ("Remodel Works") and Plumbing Plus, Inc. ("Plumbing Plus").   In 2001, Remodel
9  Works and Plumbing Plus, employing 43 individuals, had a financially successful year. (Compl. ¶21).
10  In response to a spam e-mail, Joseph Christenson attended a tax strategies seminar offered by Scott
11  Waage and Waage Law Firm.  The goal of attending the seminar was to find a "way to legitimately
12  defer tax on some of the year's profits."  Id.

13        The plan proposed by Scott Waage and his law firm consisted of establishing a corporation,
14  TJRK, Inc., whose stock was owned by an irrevocable trust and the corporation sponsored a Deferred
15  Benefit Pension Plan. (Compl. ¶¶22-23).  The tax plan also included a lease agreement between the
16  Christensons and TJRK whereby the Christensons would rent a portion of their home to TJRK and
17  TJRK would claim a tax deduction. (Compl. ¶31).  The lease agreement provided that TJRK would
18  be responsible for all utilities and would be responsible to maintain the property and conduct all
19  repairs.  Id.

20        In 2003, as Remodel Works and Plumbing Plus continued to experience financial success,
21  Scott Waage established a 419(e) welfare benefit plan funded on life insurance policies for the
22  Christensons. (Compl. ¶¶26, 29).  The tax strategy proposal required Plaintiffs to purchase insurance
23  through the brother of Scott Waage, Jerry Waage.  The insurance policies were purchased through
24  Proverbial Investments and Indianapolis Life.  The Christensons inquired about purchasing life
25  insurance from other carriers but were informed by Scott Waage that "he couldn't guarantee the
26  structure would work if he didn't use his brother."  (Compl. ¶28).  Defendant Jensen is a certified
27  public account and employee of the Waage law firm.  (Compl. ¶15).

28        On September 22, 2006, TJRK received a notice of audit from the IRS.  The IRS indicated that

1 the Defined Benefit Pension Plan was disqualified for failure to include the employees of Remodel
2 Works and Plumbing Plus. (Compl. ¶32). The IRS also sought to impose the taxes, penalties, and
3 interest. Id.

4 On August 4, 2008 Indianapolis Life Insurance Company filed a counterclaim against TJRK.
5 Indianapolis Life alleges claims for breach of contract and for indemnity based upon the indemnity
6 and hold harmless provisions contained in the contracts for insurance.

7 Plaintiffs do not oppose the request to dismiss the prayer for treble damages and damages for
8 emotional distress. Plaintiffs oppose the motion to dismiss the prayer for punitive damages on the
9 ground that the complaint adequately states a claim for fraud.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007). The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Fraud Claim**

Plaintiffs argue that the complaint fails to comply with the specificity requirements of Rule 9(b). Plaintiffs characterize the complaint as one that alleges "that the Waage Defendants overstated the effectiveness and failed to disclose risks associated with the plan." (Motion at p.3:25-26). Under Rule 9(b), a party alleging fraud must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b). Rule 9(b) is satisfied by allegations of the time, place, and nature of the alleged fraudulent statements. Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995), cert. denied, 116 S. Ct. 1422 (1996). Essentially, the plaintiff must set forth an explanation of why the disputed statement was untrue or misleading when made. Id.

Here, the court concludes that the complaint fails to comply with Rule 9(b). In large part, the complaint alleges that Defendants "misrepresented" the true nature of the tax strategy plan. (Compl. ¶¶111-113). The complaint generally fails to identify the who, what, where, and when the representations were made. The complaint broadly asserts claims against all Defendants, even though certain defendants, Proverbial Investments, Robert Jensen, Indianapolis, and Jerry Waage were on the periphery of the events alleged in the complaint. Such broad-based allegations of fraud fail to adequately inform Defendants of the alleged wrongful conduct such that they can adequately prepare a response to the complaint. See id. at 1082.

The allegations, primarily set forth at ¶¶21-32, provide a general overview of the circumstances under which Plaintiffs retained Defendants and the general characteristics of the underlying transactions. Such generalities are insufficient to comply with Rule 9(b). Under these circumstances, the court grants the motion to dismiss the fraud claims with 20 days leave to amend from the date of entry of this order.

The court also dismisses, without prejudice and with leave to amend, the prayer for punitive damages. As the prayer for punitive damages is based upon successfully stating a claim for fraud, this prayer is dismissed with 20 days leave to amend.

///

///

///

1       In sum, the motion to dismiss the fraud claim and prayer for punitive damages is granted with 20 days leave to amend.  The court also dismisses the prayer for treble damages and the prayer for emotional distress damages without leave to amend.

**IT IS SO ORDERED.**

DATED: October 27, 2008

                                              Hon. Jeffrey T. Miller
                                              United States District Judge

cc:       All parties